59 So.2d 70

**LOCKE v. KAY.**

**8 Div. 611.**

Supreme Court of Alabama.

May 22, 1952.

Lanier, Price, Shaver & Lanier, Hunts-·
ville, for appellee.

C. L. Watts, Huntsville, and Rushton,
Stakely & Johnston, Montgomery, for ap-
pellant.

FOSTER, Justice.

This is a suit by appellant against appel-
lee, and was tried on counts 2, 3, 4 and 5.
In all of those counts the plaintiff claimed
$2500.00 damages for the failure of de-
fendant to comply with a contract made
in writing on June 26, 1948, whereby the
defendant agreed to pay to plaintiff the
sum of $17,202.36.

The first assignment of error argued
on this appeal relates to the judgment of

the court overruling plaintiff's demurrer to plea 3 as an answer separately to each of said counts in the complaint. Those counts in substance allege that plaintiff had possession of the keys to certain houses situated in Madison County and under said contract the defendant promised plaintiff to pay him said sum upon the consideration that plaintiff would surrender to defendant the possession of said keys, and in reliance upon said promise he delivered the keys to defendant on that day, and that defendant has not complied with said agreement to pay said sum: the plaintiff's damage being in the sum of $2,500.

Count 3 alleged that the agreement was in writing and set it out in full as a part thereof. Count 4 claims said sum of $2,500 due by account, and count 5 is substantially the same as count 3 in legal effect.

Plea 3, referred to in the first contention made by appellant, alleges that the plaintiff made a contract with a development company, whose name was given, whereby plaintiff was to build certain houses for the company under a written contract, and that on June 26, 1948, which is the date of the agreement sued on in this case, there was due to plaintiff under said contract by the development company said sum of $17,202.36. That in consideration of the delivery to the defendant of the keys to said houses which had been completed, the defendant entered into said contract, which is the basis of the various counts of the complaint. Wherefore, defendant alleges that said contract of June 26, 1948 is void under the statute of frauds, in that, it does not express a consideration and that it is a promise to pay the debt of the development company.

■ The contention of appellee that plea 3 is a good defense was based upon subdivision 3 of section 3, Title 20, Code, which is a part of the statute of frauds, and provides that every special promise to answer for the debt, default or miscarriage of another must be in writing and express a consideration, as well as be subscribed by the parties to be charged. Whereas the writing is alleged not to show or recite a consideration. But it has been long established in this State that such provision of the statute of frauds has no application to an undertaking based upon a new consideration. In that event, the promise of the new party is merely an undertaking to satisfy his own obligation or indebtedness, although it may also incidentally satisfy that of another. Many cases are cited in the annotations to the Code to that effect which need not be reiterated here. The cases go back to Mason v. Hall, 30 Ala. 599. See, also, Westmoreland v. Porter, 75 Ala. 452.

The sufficiency of this plea hinges upon the question of whether or not it shows that there was a new consideration for the contract executed by the defendant, who is appellee here, which contract is the basis of the suit. The consideration expressed in the plea is that of a delivery to appellee of the keys to the house: appellant having built the house for the development company, and for which the development company owed appellant the precise sum which appellee agreed to pay appellant.

■ It may be assumed for the sake of argument that appellant had a mechanic's lien upon the property to secure said amount due him, and was in possession of the houses, as evidenced by his possession of the keys, and that he was retaining such possession until the amount of his claim should be satisfied. Upon the basis of that assumption, as between appellant as the contractor and the development company for whom the houses were built, appellant would not have a right to retain possession of the property for the purpose of collecting his debt nor defending an action which might be brought against him by the development company for possession. 28 C.J.S., Ejectment, § 43, page 894.

■ So that if this controversy were between appellant and the development company, the delivery to the development company by appellant of the possession of the property and the keys to the houses would not be doing more than he should have done and would not constitute a new

consideration for any promise on the part of the development company. But appellee is not alleged to stand in the shoes of the development company in that respect, although he may have been an officer of it. That plea in connection with the allegations of the complaint does not show just why appellee wanted the keys or how their possession would be beneficial to him personally, and does not show that there was any obligation on the part of appellant to deliver the keys to appellee and, therefore, the plea does not show in that connection that the delivery of the keys, which it says was a consideration of the promise, was not of a valuable sort.

Construing the plea against the pleader, it must be presumed that the delivery of the keys was of value and therefore there was a new consideration which was the basis of the contract by appellee to pay appellant the stipulated sum of money. Therefore, the plea does not show that the contract of appellee was void under the statute of frauds. The demurrer to that plea as an answer to the several counts of the complaint should therefore have been sustained.

The trial court gave the affirmative charge at the request of defendant, and refused to give the affirmative charge at the request of the plaintiff, with respect to each count separately.

Appellant claims that he was entitled to a jury verdict upon the undisputed evidence, and that it was a question for the jury to fix the amount of it. It appears from the argument that the basis of the giving of this charge, at the instance of appellee, was upon a consideration of the following facts. Appellant sued the development company and recovered a judgment against it on account of his claim for $17,801.39, which was the amount of the principal sum of $17,202.36 and the interest thereon. It is alleged in the plea that said judgment was collected by plaintiff, but the evidence shows that the only amount he collected on the judgment was the sum of $17,000. So that appellant claims a judgment for the difference between the amount of $17,000, which he collected, and the sum of $17,202.36 with interest thereon at the legal rate.

As between the appellant and appellee, the contract sued upon based on a new consideration did not create the relation of suretyship, but appellee became the principal debtor to appellant in said sum. Appellant's claim against the development company was, so far as appellee was concerned, thereafter held by him as in the nature of security for the payment to appellant of the amount which appellee agreed to pay him. Tillis v. Folmar, 145 Ala. 176, 39 So. 913; Peoples Savings Bank of Tallassee v. Jordan, 200 Ala. 500, 76 So. 442; Segall v. Loeb, 218 Ala. 433, 118 So. 633. Prima facie, the only amount to which appellee was entitled as a credit on account of the collection by appellant of said sum of $17,000 was that exact amount. But appellant owed to appellee a duty to exercise due diligence in the collection of an obligation which appellant held as security for appellee's debt to him and is chargeable with a failure to exercise due diligence in collecting the amount of it. First National Bank of Birmingham v. Forman, 230 Ala. 185 (5), 160 So. 109; Jones v. Moore, 212 Ala. 248(14), 102 So. 200; Sampson v. Fox, 109 Ala. 662, 19 So. 896; Powell's Adm'r v. Henry, 27 Ala. 612(4); Russell v. Hester, 10 Ala. 535. So that, if appellant satisfied the judgment upon the receipt of $17,000, when by due diligence he could have collected more than that amount, appellee would be entitled to credit for the amount which appellant might have collected in the exercise of due diligence.

Such defense is undertaken to be set up in plea 8 in which appellee alleges in that connection that appellant sued the development company for said sum of $17,202.36 and recovered and collected a judgment against it for the amount of $17,801.39. But the evidence shows that appellant did not collect the full amount of said judgment but only collected $17,000, and there is no evidence that he was negligent in not collecting more than $17,000.00. There is no plea which alleges that appellant was negligent in not col-

380

lecting more than $17,000. Appellee has not proven the allegations of plea 8 in failing to prove that appellant collected the full amount of $17,801.39. The contention in this respect being one of payment or negligence in not making collection, a plea setting up appellee's claim in that respect was necessary and it does not appear. But if there had been such a plea there is no evidence to show that appellant was negligent or was not in the exercise of due care in collecting only $17,000 in full settlement of the judgment for $17,801.39.

The result from this situation is that there was error in giving the affirmative charge at the request of appellee, defendant in the court below.

There is no question here involved as to the measure of damages for the breach of the contract. The only contract sued on was for the payment of money and the right of recovery, if for anything, was a balance in money unpaid and due on that account together with interest thereon.

The judgment of the lower court is therefore reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.