329 So.2d 99
**F. R. INGRAM**

v.

**George ERWIN, Individually, et al.,**

**Civ. 588.**

Court of Civil Appeals of Alabama.

Jan. 28, 1976.

Rehearing Denied Feb. 25, 1976.

Erskine R. Lindsey, Birmingham, for appellant; F. R. Ingram, pro se.

**410**

Thomas Reuben Bell, Jerry L. Fielding, Sylacauga, for appellees.

HOLMES, Judge.

The Circuit Court of Shelby County sitting without a jury assessed damages of $7,000 against F. R. Ingram, representing money owed by him to George Erwin. Ingram prosecutes this appeal from that judgment.

The dispositive issues presented for this court's consideration are whether Tit. 7, § 1054, Code of Ala.1940, entitled appellant Ingram to notice prior to a hearing on an injunction; whether at that hearing Ingram should have been awarded possession of the construction machinery involved in this lawsuit; and whether under the law and the evidence appellee Erwin was entitled to the warehouseman's lien and the $7,000 in damages which were awarded to him.

The tendencies of the evidence as revealed by the record are as follows:

Erwin is primarily a mechanic operating an equipment repair establishment. In 1969, Ingram turned over various pieces of construction equipment to Erwin for repair. During the latter part of that same year, Ingram purchased a tractor and low-boy trailer and assigned them to Erwin, who was to do repair work on them also. While it is certain that Erwin was to repair both the construction equipment and the tractor-trailer unit, the evidence was in sharp conflict as to what other business arrangements existed between the parties concerning the equipment and the unit.

In January of 1971, Ingram repossessed the tractor and low-boy, which he later sold. At that time, pursuant to an agreement between the two individuals, Ingram apparently owed Erwin approximately $2,800 for repairs performed on the tractor and low-boy.

Ingram subsequently attempted to remove the construction equipment from Erwin's premises, where they had remained since placed there in 1969. Erwin refused to allow their removal, and Ingram instituted an action in detinue for their recovery, together with a claim of money damages for his loss of their use and for their conversion.

A hearing was held on the detinue action pursuant to *Fuentes v. Shevin,* 407 U.S. 67, 32 L.Ed.2d 556, 92 S.Ct. 1983. At that hearing, Ingram was formally served with

an equity bill in which Erwin claimed a warehouseman's lien for storage charges on the aforementioned construction equipment. Erwin's equity bill further prayed that Ingram be enjoined from prosecuting his detinue action until the merits of Erwin's claim could be determined. The trial judge then and there took testimony and considered the equity complaint. Ingram was then enjoined from further prosecution of his detinue action as prayed for by Erwin, and the two lawsuits were later consolidated for trial.

Ingram's detinue claim was denied. The trial judge, as noted above, upon conclusion of the consolidated trial, awarded $7,000 in damages and a warehouseman's lien to Erwin, from which judgment Ingram appeals.

■ Ingram initially assigns error in that he did not receive three days' notice of the hearing on the temporary injunction pursuant to Tit. 7, § 1054, Code of Ala. 1940. That code section, which was in effect at the time of this trial, provides as follows:

"When a bill praying for an injunction is presented for fiat to any judge authorized to grant injunctions, he may, if in his opinion no substantial injury would result to the complainant from delay, set a time and place for the hearing of the application, not more than ten days thereafter, and may require the complainant to give the defendant or defendants to be affected by the writ at least three days' notice of such time and place and to serve them with a copy of the bill, if to be found within the state, and if the defendant or defendants cannot with due diligence be served with such notice and copy within the time prescribed, the judge may, in his discretion, on the day fixed, proceed to hear the application without notice or to continue the hearing to a future day, so that notice may be given the defendant."

We initially note that this statutory provision has been superseded by the new Rules of Civil Procedure, and is no longer of force and effect.

The language of § 1054 concerning notice is obviously not cast in mandatory terms. This construction is buttressed by the cases of *Lukes v. Alabama Power Co.*, 257 Ala. 590, 60 So.2d 349; and *Berman v. Wreck-A-Pair Bldg. Co.*, 234 Ala. 293, 175 So. 269, which hold that notice and a hearing are not required by § 1054 but are within the sound discretion of the trial court.

Additionally, we observe that the hearing on the injunction was held contemporaneously with a preliminary detinue hearing on the same subject matter as that covered by the proposed injunction. Ingram, the party to be enjoined, was present at that detinue hearing, which was called at his instance. Under circumstances such as these, we find that three days' notice would not be required.

■ Ingram also urges error in that he was not awarded possession of the construction equipment at the above mentioned hearing. This contention is bottomed on the premise that Ingram's detinue action with appropriate bond required the trial court to award immediate possession to him. However, the trial judge after hearing testimony decided that the *status quo* should be maintained pending determination of Erwin's claim. Inasmuch as the grant of a temporary injunction rests within the discretion of the trial judge, we find no error in this regard. 12 Ala.Dig. *Injunctions* ⊜135 and cases cited thereunder. By the above, this court should not be understood as holding that the trial court was required to enjoin the detinue action; only that in this instance, under these facts, the trial judge did not err in refusing to award possession of the property to Ingram under his detinue action. Nor, in this instance, did the trial court err in granting the injunction.

■ It is finally urged that error to reversal was committed by the trial court in its final judgment awarding Erwin a warehouseman's lien and $7,000 in damages.

In this regard, we initially note that the Alabama Supreme Court has held a warehouseman obtains a lien on stored property for storage charges thereon. *Southern Railway Co. v. Lockwood Manufacturing Co.*, 142 Ala. 322, 37 So. 667. A garage keeper is a warehouseman as to vehicles kept in dead storage. 61A C.J.S. *Motor Vehicles* at p. 642. Furthermore, 78 Am. Jur.2d *Warehouses* § 2, defines a warehouseman as one who is in the business of storing other's goods, and the evidence indicates that Erwin would store the property of others in the course of his business. As such, the trial court was not in error in awarding Erwin a lien for his storage charges.

■ Proceeding to the award of $7,000 damages, there was testimony from which the trial court could have found that the only arrangement between Ingram and Erwin regarding the construction equipment was for Erwin to repair it, and that it was left on Erwin's premises until Ingram attempted to remove it in 1971. The trial court could also have found that storage fees were customarily charged by Erwin, that fees of $5 per day on the various items were reasonable, and as such that the storage charges of $3,500 which were actually determined by the trial court to be due were supported by the evidence.

There was also testimony to the effect that Erwin expended approximately 250 man-hours of work on the tractor and low-boy trailer, at rates of $5 an hour for mechanic's labor and $8.50 hourly for welding. Further testimony was that the parties agreed Ingram would reimburse Erwin for his labor expenses, under an arrangement whereby the two would rent out the unit as partners. Therefore, there was ample evidence from which the trial court could, as it did, have found that Ingram was indebted to Erwin since 1971 in the amount of $2,800 for repairs done to the tractor-trailer unit, excluding interest. *International Union, United Auto, Aircraft & Agr. Implement Workers of America (UAW–CIO) v. Palmer*, 267 Ala. 683, 104 So.2d 691, stands for the proposition that the matter of damages must be left to the discretion of the trier of facts, whose judgment will not be interfered with unless the amount is so excessive as to show passion or prejudice or other improper motive. We find no such passion or prejudice or improper motive and therefore conclude that the judgment of $7,000 which includes interest is not excessive so as to require reversal. See also 7A Ala.Dig. *Damages* ⌐119.

■ The transcript in this case is voluminous, being over 800 pages in length. The appellant's brief exceeds 130 pages. This clearly indicates the conflict in the evidence and the hotly contested nature of the proceedings. As such, where the evidence is conflicting and the testimony is taken *ore tenus* by the trial judge, his findings become like the verdict of a jury and will be reversed on appeal only for manifest and palpable error. *San-Ann Service Inc. v. Bedingfield*, 293 Ala. 469, 305 So.2d 374. From the facts as previously set out, there is sufficient evidence to sustain the judgment of the court below.

All assignments of error properly presented and argued having been considered, the case is due to be and accordingly is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.