This matter began with Farm Bureau Mutual Casualty Company (Farm Bureau) filing a declaratory judgment action to determine its right to possession of an automobile held by defendant Lyle. Lyle answered and filed counterclaims on account and fraud. Farm Bureau amended by adding a second claim for conversion. The court sitting without a jury denied Farm Bureau any relief and found for Lyle on its claim on account and awarded him the sum of $1,158. It further found Lyle had a claim to the automobile superior to that of Farm Bureau and that such claim would remain in effect until the judgment was paid in full by Farm Bureau. In addition, the court awarded Lyle the sum of one dollar per day thereafter as a storage fee until the judgment was paid and the vehicle removed from the premises of Lyle. Motion for new trial was denied. Farm Bureau appeals.
The evidence, succinctly stated, tended to show the following: Defendant Lyle operates a wrecker, salvage and ambulance business in Winston County, Alabama. On November 11, 1978 an insured of Farm Bureau had an accident in the insured automobile. Lyle responded to a report of the accident with wrecker and ambulance. There were several passengers in the automobile who were injured in addition to the insured. Lyle's ambulance transported all to a hospital. He was directed by the insured to remove the automobile from the scene by wrecker and hold it until further notice. The ambulance service charge for all persons in the vehicle was $376. The towing charge and charge for storage from the date of the accident until date of trial was $632.
Lyle claimed the additional sum of $150, arising from two other incidents in which he had held Farm Bureau insured automobiles for wrecker and ambulance charges, but which he had released to Farm Bureau upon a promise by Farm Bureau to pay the charges.
Farm Bureau undisputedly held legal title from the owner to each of the involved vehicles by virtue of its payment to the insured for his total loss.
Lyle's defense to the declaratory judgment action was that though Farm Bureau had legal title, he had the right to hold possession of a vehicle until he was paid all wrecker, ambulance, and storage charges made by him relative to any vehicle. It did not develop specifically during the trial that Lyle held possession of the automobile under claim of a lien. It appears that he assumed he could hold the automobile until he was paid whatever sum he claimed was owed him by the owner.
There was reference during trial that Lyle held the automobile because he contended he was owed money for services rendered the owner; that he had held automobiles before and released them only after Farm Bureau paid him charges — either towing or ambulance — relative thereto. There was never any reference to a basis for a legal right to hold the vehicle until paid. The trial court in its judgment did not determine that Lyle had a lien of any kind. It merely stated that he had a "claim superior to that of the plaintiff with regard to the subject vehicle."
On appeal, Lyle contends that he had both a lien under §35-11-110, Code of Alabama (1975) (mechanic's lien) and a common-law lien. Farm Bureau contends he had neither and no legal right to hold the automobile against the holder of the legal title. We agree with Farm Bureau.
There can be no question that Lyle had no statutory lien. Section 35-11-110 by its terms does not apply to one providing towing or storing of an automobile. It applies only to a workman who contributes his labor or material to the "production, manufacture or repair" of a vehicle. Lyle did none of these things. The statute by its terms is supplementary to the common-law lien. Howell v. Dodd, 229 Ala. 393, 157 So. 211
(1934). The common-law artisan's lien was lost if possession of the vehicle was relinquished. Voss Co. v. Robertson, Brown Co., 46 Ala. 483 (1871). The statutory lien comes into play *Page 93 
and is available after possession has been relinquished and common law lien is lost. Tallassee Motor Co. v. GillilandBros., 22 Ala. App. 21, 112 So. 758, cert. denied, 216 Ala. 257,112 So. 759 (1927). One cannot enforce the statutory lien provided by § 35-11-110 except by following the procedure (attachment) set out in § 35-11-111. Such procedure was not followed by Lyle and would have been inappropriate because he had not relinquished possession in any event. Therefore, no possible claim or lien upon which to maintain possession after demand by Farm Bureau could exist unless it be a common-law lien.
The principle upon which the common-law lien arose was that every bailee for hire, who, by his labor, material or skill, has imparted an additional value to the property placed in his hands had a lien thereon for the agreed or reasonable charges and the right to hold the property until paid. Such lien attached only to the specific property. 2 Kent's Commentaries 635; VII Sir William Holdsworth, A History of English Law at 512; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944
(1917). It has been held generally that a common-law lien is not applicable to towage and storage charges on an automobile.Murrell v. Trio Towing Service, Inc., 294 So.2d 221 (Fla.App. 1976).
We have found no Alabama cases holding that either a common-law lien or a statutory lien may be acquired by a garage-man for towing or storage charges. We believe it clear, as previously stated, that by its terms, § 35-11-110 fails to provide a lien for such charges. As the statute is derived from and is merely supplementary to the common law, it logically follows that there is not a common-law lien for such charges. It is even more evident that there can be no lien, either common-law or statutory, for ambulance charges nor for the charges relating to the two vehicles of which Lyle had relinquished possession.
There being no lien, the trial court erred in its judgment granting Lyle a superior claim to and the right to hold the automobile of Farm Bureau and charge additional storage until the judgment is paid.
The evidence discloses that Farm Bureau, through an agent, demanded possession of the vehicle within two days after Lyle towed it in. Lyle wrongfully withheld possession and may not recover storage charges after that demand. Our review of the record convinces us that Lyle could recover judgment against Farm Bureau for none of the charges — towing, ambulance or storage — arising from the Allen vehicle. The evidence fails to disclose any agreement by Farm Bureau to pay any of such charges. Though a contractual obligation arising from the contract of insurance for Farm Bureau to pay towing, ambulance and storage charges to or for its insured may exist, such obligation is not to Lyle.
There was evidence that Farm Bureau agreed to pay the towing and ambulance charges relating to the two vehicles previously released. They totaled a sum of $150. The contention of Farm Bureau that its promise to pay such charges is void under §8-9-2 (3) Code of Alabama (1975) as an oral promise to pay the debt of another is not acceptable. Farm Bureau made its own promise to pay in return for a valuable consideration — the release to it by Lyle of the particular vehicle involved. It received that consideration and the statute does not apply.Locke v. Kay, 257 Ala. 376, 59 So.2d 70 (1952); Waters v.Blackmon, 228 Ala. 462, 153 So. 739 (1934).
For the error stated herein, the judgment below is reversed and the case remanded.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 94