I concur only in the result of this case. In my view, while it was not argued by either party, the portion of this contract dealing with consideration is severable from *Page 926 
the portion dealing with the covenants not to compete and the trial court could have found that under paragraph eighteen of the contract, consideration for the defendant's covenant not to compete had been paid, as an offset against the amount due under paragraph nineteen. E.C. Ernst, Inc. v. ManhattanConstruction Co. of Texas, 387 F. Supp. 1001 (S.D.Ala. 1974),aff'd in part, reversed in part on other grounds, 559 F.2d 268
(5th Cir. 1977), cert. denied, 434 U.S. 1067, 98 S.Ct. 1246,55 L.Ed.2d 769 (1978); Locke v. Kay, 257 Ala. 376, 59 So.2d 70
(1952). This would leave a balance of $39,231.72, which would be the amount due on the note for the sale of the client list of the Bessemer office.
This holding, in turn, would remedy the possible problems, as raised by the majority opinion, of a failure of consideration as to the parties' covenants not to compete and a lack of mutuality between the parties. It would also alleviate the necessity of an analysis of an estoppel as to the covenant not to compete where, as here, the parties have not breached and have, at least thus far, received what they bargained for.