ADAMS, Justice.
This controversy centers on the interpretation and application of Alabama Code (1975), § 7-9-310(1)[1] which in effect gives a valid common law possessory lien priority over a prior perfected security interest. The trial court held that even though the defendant Condor Aero Services, Inc. (“Condor”), subcontracted repair work out to another mechanic in fulfillment of its duty to make repairs on an airplane, its lien *707 was superior to that of the plaintiff, Beverly Bank of Chicago (“Beverly Bank”) which had a prior perfected security interest. We affirm.
The relevant facts of this case are as follows:
On December 15,1983, the plaintiff, Beverly Bank, entered into an agreement with defendant James W. Little, Jr., under which it agreed to lend him $23,927.04. To protect itself, Beverly Bank took a security interest in Little’s 1968 Cessna 337 Sky-master airplane. On June 18, 1984, Beverly Bank refinanced the loan to Little, increasing the amount of the loan to $27,-830.40, and again took a security interest in the airplane.
On January 18, 1984, Little leased the secured airplane to Condor Aero Services, Inc. The lease agreement provided that Condor would pay $30.00 for every “Hobbs meter hour” the airplane was flown for Condor. Additionally, it required Condor to perform all maintenance work on the airplane, for which Little was to reimburse Condor at the rate of $18.00 per hour.
During the course of the lease period, the airplane required both maintenance work and substantial repairs. Most of the repairs were subcontracted to qualified contractors, who performed them in compliance with federal regulations. Whenever this was done, Condor would compensate the subcontractor for the maintenance work. Condor’s own maintenance personnel performed a small amount of the maintenance work. This work primarily entailed the installation of certain parts (e.g., propellers) that had been repaired by other subcontractors.
After making a payment in May 1985, Little defaulted on his loan to Beverly Bank. Therefore, based on the security agreement between it and Little, the bank instituted this action to recover possession of the Cessna airplane or, in the alternative, to recover the value of the airplane. On December 4, 1985, the circuit court ordered that the airplane be seized in favor of Beverly Bank. Thereafter, on May 27, 1986, testimony and other evidence were received at a set hearing. At the hearing, the court found that Condor had established a mechanic’s lien on the airplane, which amounted to $11,310.23, including the costs for parts and labor. As a consequence of this hearing, the circuit court overturned its earlier finding and on October 3, 1986, ordered that the bank’s writ of seizure be dissolved.
On appeal, Beverly Bank presents the following issues for our review:
1. Whether the trial court erred in holding that defendant Condor had established a mechanic’s lien in the amount of $11,-310.23.
2. Whether the trial court erred in finding that the plaintiff Beverly Bank’s security interest is junior to any security interest established by appellee Condor.
3. Whether the trial court erred in not granting plaintiff Beverly Bank’s motion for reconsideration and/or motion for new trial.
At the outset, we note that the lower court’s holding that an $11,310.23 lien inured to Condor was predicated upon its finding of a statutory mechanic’s lien. On appeal, however, both Beverly Bank and Condor maintain that if a lien did arise, it was not a statutory mechanic’s lien, but rather, a common law possessory mechanic’s lien. Thus, the first issue for this review is whether a common law possesso-ry mechanic’s lien arose in favor of Condor for the work that it subcontracted. On this issue, we are of the opinion that a proper interpretation and application of Ala. Code (1975), § 7-9-310(1), will be dispositive of this issue. It provides:
When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.
The operative effect of this section is to afford a person having a common law pos-sessory mechanic’s lien priority over a per *708 son having a prior perfected security interest. Peavy’s Service Center, Inc. v. Associates Fin. Services Co., 335 So.2d 169 (Ala.Civ.App.), cert. denied, 335 So.2d 172 (Ala.1976).
Beverly Bank maintains that Condor can claim a common law possessory mechanic’s lien only for the work that Condor’s own maintenance personnel actually performed, and that the repair work that Condor subcontracted to independent contractors is outside the protection afforded by § 7-9-310(1). Contrary to this position, Condor argues that a common law posses-sory mechanic’s lien arose in its favor for the work that it actually performed and for the work it subcontracted.
This appears to be a case of first impression in Alabama. We, therefore, are compelled to closely adhere to the legislative intent in setting forth our position on this issue. It is evident from the briefs presented to this Court that conflicting inferences may arise from the wording of § 7-9-310.
Recently, in Associates Commercial Corp. v. Francisco, 667 S.W.2d 481 (Tenn.Ct.App.1983), the Tennessee Court of Appeals was confronted with a situation where a money lender with a security interest in a tractor attempted to enforce its lien, contending it was superior to that of a repairman’s common law possessory lien. The issue presented to the Tennessee appellate court was couched in terms of whether a common law possessory lien was superior to a prior perfected security interest where the contractor had subcontracted repair work to others. The Tennessee court held that a repairman maintained constructive possession of the equipment although he permitted others to make repairs in furtherance of his repairman’s obligation. See also, 61 C.J.S. Motor Vehicles § 747(1) (1970). The court concluded that the repairman’s common law possessory lien retained priority over a prior perfected security interest.
We do not adopt the blanket holding of the Tennessee court, that a repairman’s common law possessory lien has priority over a prior perfected security interest, in all cases. But under the facts presented here, we agree with the Tennessee court’s result. In so agreeing, we hold that in instances where one is required to maintain a motor vehicle, pursuant to a preexisting lease agreement, a common law possessory lien extends to work subcontracted to others in furtherance of that repair obligation. Our resolution of this issue forecloses further discussion concerning possible trial court error in not granting Beverly Bank’s motion to alter, amend, or vacate the judgment or for a new trial.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

. Section 7-9-310(1) is Alabama’s codification of Article 9, § 310(1), Uniform Commercial Code.