In this declaratory judgment action the court entered a summary judgment in favor of plaintiff Green Tree Acceptance, Inc. ("Green Tree"). The defendant, Bill Faulk, d/b/a Faulk Auto Parts Service, appeals. We affirm.
The pertinent facts of this case are as follows:
In 1984, Robert A. Monroe, Jr., purchased a mobile home from Lawler Mobile Homes, Inc., in Columbus, Georgia. He executed a "Manufactured Home Retail Installment Contract and Security Agreement" at the time of the purchase; that agreement was later assigned to Green Tree. A U.C.C. financing statement was filed on behalf of Green Tree in Georgia on March 28, 1984, and a Georgia certificate of title designating Green Tree as a secured party was issued on April 6, 1984. The financing statement was not filed in Alabama until February 22, 1988.
In March 1986, the mobile home in question was involved in an accident in Phenix City, Alabama. The mobile home suffered substantial damage from the accident and was removed by Faulk from the accident scene to his business.[1] Faulk contends that it remained unclaimed for several months.[2] Eventually, he made extensive repairs and moved the mobile home to his property in Russell, Alabama. Green Tree subsequently made a claim on the mobile home, but refused to pay storage and towing charges submitted by Faulk totaling $12,955. Green Tree filed a declaratory judgment action, seeking a declaration that it was entitled to possession of the mobile home. Faulk failed to respond to Green Tree's request for admissions and answers to interrogatories. Green Tree moved for summary judgment, and Faulk filed an affidavit in opposition thereto, as well as a counterclaim seeking compensation for repairs made to the mobile home totaling $10,000. In his affidavit, he stated, "[T]he repairs cost in the neighborhood of $6,000 to $10,000, but I have not sat down and compiled the figures." We find no error in the entry of Green Tree's summary judgment, both on the complaint and on the counterclaim, for the following reasons:
Faulk failed to respond to either the request for admissions or to the interrogatories posed to him by Green Tree. One of the interrogatories concerned the expenses accumulated by Faulk in relation to the mobile home. The bills presented by Faulk were as follows: wrecker service, $175.00; storage, $12,480.00; wrecker service, $300.00. Towing and storage charges result in neither a common law possessory lien nor a statutory lien.Alabama Farm Bureau Mutual Casualty Ins. Co. v. Lyle ServiceAmbulance — Wrecker, 395 So.2d 90 (Ala.Civ.App. 1981). Thus, Faulk's charges for storage and towing were not sufficient to create a genuine issue of material fact as to whether Green Tree was entitled to possession of the mobile home pursuant to the terms of its security agreement. Rule 56(c), A.R.Civ.P.
With regard to Faulk's counterclaim for repairs performed on the mobile home, we note that the standard of review applicable to a summary judgment motion is now whether "substantial evidence" was offered to warrant submitting the case to the jury. See § 12-21-12, Ala. Code 1975, which was in effect when this summary judgment was entered. Faulk neither submitted the charges for repairs allegedly made, nor offered a list of the alleged repairs themselves. His statement from his affidavit, quoted above, simply does not constitute "substantial evidence" to withstand Green Tree's motion for summary judgment. §12-21-12; Rule 56, A.R.Civ.P. *Page 82 
For the foregoing reasons, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] The mobile home appears to have been abandoned by Monroe after the accident.
[2] Faulk admits that Monroe returned long enough to remove an air conditioner and a few other things from the mobile home.