THOMPSON, Judge.
This case was originally assigned to a former judge of this Court and recently was reassigned. This case involves a dispute over security interests in a mobile home. The trial court determined that Charlotte Whitaker, Torrey Whitaker, and Whitaker Towing Services (“the Whitakers”) had a superior security interest and awarded them damages against SouthTrust Mobile Ser *497 vices, Inc. (hereinafter “SouthTrust”). We reverse.
SouthTrust holds the security agreement relating to a mobile home purchased by Pamela Partriek and holds a perfected purchase money security interest in that mobile home. When Ms. Partriek defaulted on her agreement, by nonpayment, SouthTrust initiated a statutory detinue action. Service of process in that action was not perfected because Ms. Partriek was “not found.” In August 1993, Pamela Partriek, under the name Pamela Nix, filed for bankruptcy relief under Chapter 13, but her petition was dismissed on the trustee’s motion in January 1994. SouthTrust again attempted a detinue action, but service was never perfected.
George and Lisa Oliver filed a notice of eviction, in February 1994, against Pamela Bearden, also known as Pamela Partriek and Pamela Nix, to remove Ms. Bearden’s mobile home from the Olivers’ property. The Whit-akers operate a wrecker and towing service, and own a storage lot for use in their business. In February 1994, at the request of the Marshall County Sheriffs Department, the Whitakers moved the mobile home pursuant to an eviction order. The mobile home was stored on the Whitakers’ lot because the Marshall County Sheriffs Department did not have room to store it.
In April 1994, an agent of SouthTrust filed a theft of property report with the Marshall County Sheriffs Department after an unsuccessful attempt to locate the mobile home. The mobile home remained on the Whit-akers’ lot until December 1994. No attempt was made by the Whitakers to determine ownership of the mobile home until Charlotte Whitaker contacted SouthTrust in December 1994. There is some dispute about whether the Whitakers would have allowed South-Trust to remove the mobile home from the Whitakers’ lot without first paying towing and storage costs totaling $10,040.
SouthTrust filed a detinue action against the Whitakers to gain possession of the mobile home. The Whitakers counterclaimed, claiming a possessory lien on the mobile home and claiming that their lien was superi- or to SouthTrust’s purchase money security interest. The trial court ruled in favor of the Whitakers, holding that the Whitakers had a common law warehouseman’s lien on the mobile home in the amount of $6,980. In support of his judgment, the trial judge cited Ingram v. Erwin, 57 Ala.App. 408, 329 So.2d 99 (1976). SouthTrust appeals.
Neither a statutory lien nor a common-law possessory lien is created as a result of towing or storing charges. Faulk v. Green Tree Acceptance, Inc., 549 So.2d 80, 81 (Ala.1989); Alabama Farm Bureau Mutual Casualty Co. v. Lyle Service Ambulance-Wrecker, 395 So.2d 90, 92-93 (Ala.Civ.App.1981). In Faulk, supra, a case with facts similar to those of this case, the plaintiff sued for towing and storage costs after the owner reclaimed a mobile home that the plaintiff had towed and had stored for several months. In affirming a summary judgment for the owner of the mobile home, the Supreme Court of Alabama held that “[t]owing and storage charges result in neither a common law possessory lien nor a statutory lien." Faulk at 81 (citing Alabama Farm Bureau Mutual Casualty Co. v. Lyle Service Ambulance-Wrecker, supra) (emphasis added). Thus, the common law warehouseman’s lien created in favor of the Whitakers by the trial court is not valid. Further, given the language of the Supreme Court in Faulk, we conclude that § 7-7-209, Ala.Code 1975, cannot be used to create a warehouseman’s lien for storage and towing charges.
In Ingram v. Erwin, 57 Ala.App. 408, 329 So.2d 99 (1976), cited by the trial judge in support of his judgment, this court granted a warehouseman’s lien to a mechanic for storage costs. This Court relied on Southern Ry. v. Lockwood Manufacturing Co., 142 Ala. 322, 37 So. 667 (1904), a common carrier case, in creating a warehouseman’s lien for storage charges. Assuming, arguendo, that this common carrier case was on point, the adoption of the U.C.C. in 1965 superseded it.
In Ingram, supra, this Court did not refer to § 7-7-209, Ala.Code 1975, which governs the creation of a warehouseman’s lien. We interpret this fact to mean that the court did not find that a warehouseman’s lien was created pursuant to the requirements of that section. Indeed, the facts of that case would *498 not support such a finding. The Ingram, court did find a common law warehouseman’s lien in favor of the mechanic who performed the repairs on the equipment in issue in that case.
However, in decisions subsequent to Ingram v. Erwin, the Supreme Court of Alabama has expressly precluded the creation of both statutory and common law liens for storage and towing charges. Faulk v. Green Tree Acceptance, Inc., 549 So.2d 80, 81 (Ala.1989); Alabama Farm Bur. Mutual Cas. Co. v. Lyle Service Ambulance-Wrecker, supra. We follow the rulings of the Supreme Court of Alabama and hold that there can be no common law lien in favor of the Whitakers for storage and towing charges.
Both parties, in the briefs submitted to this court, argue only the issue of whether a mechanic’s hen has been created in this case. Under § 7-9-310(1), Ala.Code 1975, a common law possessory mechanic’s lien can take precedence over a prior perfected security interest. Beverly Bank of Chicago v. Little, 527 So.2d 706, 707-08 (Ala.1988) (citing Peavy’s Service Center, Inc. v. Associates Fin. Services Co., 335 So.2d 169 (Ala.Civ.App.), cert. denied, 335 So.2d 172 (Ala.1976)). However, as previously explained, no such common law possessory hen may be created for towing and storage charges. Therefore, we need not address the issue of the priority of interests in the mobile home.
The trial court improperly created a com- . mon law warehouseman’s hen in favor of the Whitakers for storage and towing charges. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents.