GEORGE G. HAY *vs.* MARY A. FORTIER.

Cumberland.   Opinion November 22, 1917.

*Contract.   Consideration.   Promise to forbear bringing suit as sufficient considera-*
*tion for a new promise.   Estoppel.   Rule as to a promise of payment of*
*money then due being sufficient consideration for new contract.*

The defendant, a surety on a fifteen day bond the conditions of which had not
been complied with, promised the creditor to pay at once $100 and the balance
due under the bond before a specified time, provided the creditor would accept
those terms of settlement and forbear action on the bond.   The creditor, on his
part, in consideration of such part payment at once, and the defendant's
promise to pay the balance on or before the time specified, agreed to forbear
and did in fact forbear, action on the bond until after the time specified.   The
defendant paid the $100 forthwith as agreed, but no more.

In an action by the creditor against the defendant based upon her special promise
to pay the balance due under the bond as agreed,

*Held:*

1.   A promise to forbear and give time for the payment of a debt followed by
actual forbearance for the time specified, or for a reasonable time when no
time is named, is a sufficient consideration for a promise to pay the debt.

2.   The payment, or promise of payment, of money which is then due and payable
by virtue of an existing valid contract of the promisor is not in contemplation
of law a sufficient consideration for any new contract.

3.   The creditors promise to forbear action on the bond was, therefore, without a
legal consideration and not binding on him, and he could not have been com-
pelled to forbear as he agreed to do.

4.   But when a contract, not originally binding for want of mutuality, is executed
by the party not bound to perform his part, so that the other party has actually
received the benefit contracted for, the latter will be estopped from refusing
performance on his part on the ground that the contract was not originally
binding on the other, who has, nevertheless, performed it.

5.   Having enjoyed the forbearance of the plaintiff from bringing action against
her on the bond for the full period agreed upon, the defendant is now estopped
from refusing performance on her part on the ground that the contract was not
originally binding on the plaintiff, who did in fact perform it and she has
received the benefit thereof.

Action on the case to recover upon a special promise made by defendant to pay a certain balance due under a bond signed by her and others and upon which she was liable.   By agreement of parties, case was reported to Law Court upon certain agreed statements, the Law Court to render judgment according to the rights of the parties, and for such amount as the Law Court deems meet and proper. Judgment in accordance with opinion.

Case stated in opinion.

*Jacob H. Berman, and Benjamin L. Berman,* for plaintiff.

*F. W. Clair,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

KING, J.   The case made by the agreed statement is this:   The defendant became a surety on a fifteen day bond given by one Henry H. Sawyer to the plaintiff.   The conditions of the bond were not complied with and the defendant was notified of her liability under the bond and requested to make payment thereof.   On February 4, 1915, the defendant's attorney wrote the attorney of the plaintiff as follows: "I have seen Mrs. Fortier who says it will be a great hardship to pay this entire amount at the present time as the other signers are worthless.   She suggests   .   .   .   that she will pay you one hundred dollars next week, if the papers are regular, and settle the balance by payments the whole bill to be paid before your April Term of Court.   .   .   ."   To that the plaintiff, through his attorney, replied sending copies of the papers and saying:   "I am willing to accept one hundred dollars on account, providing you send same to me immediately and the balance on or before the First Tuesday of April.   .   .   ." The defendant paid the one hundred dollars forthwith, but no more. The plaintiff waited till long after the first Tuesday of April, and on June 1, 1915, brought an action of debt on the bond against the principal and all the sureties.   Mrs. Fortier answered to that action at the return term thereof, and at a subsequent term, on November 3, 1915, by agreement, that action was "discontinued without costs and without prejudice," the counsel of the respective parties signing the docket entry to that effect.   Why that action was thus discontinued does not appear in this case.   On the following day, November 4, 1915, this action was brought against Mrs. Fortier based upon a

breach of her alleged special promise to pay the balance due under the bond before the April term of court, as stated in the correspondence referred to. The declaration is not made a part of the case, but the parties stipulate that it "is in due form." The defense is that the alleged promise on which the action is based was without a legal consideration and is, therefore, non-enforceable.

We think the agreed statement justifies the conclusion, that the defendant promised to pay at once $100, and the balance due under the bond before the April term of court, *provided* the plaintiff would forbear action on the bond; and that the plaintiff on his part, in consideration of such part payment at once, and the promise to pay the balance on or before the time specified, agreed to forbear, and did in fact forbear, action on the bond until after the time specified. And a promise to forbear and give time for the payment of a debt followed by actual forbearance for the time specified or for a reasonable time when no definite time is named, is certainly a sufficient consideration for a promise to pay the debt. *Moore* v. *McKenney*, 83 Maine, 80, 90.

On the other hand, it is obvious that the defendant by her special promise did not agree to do anything that she was not then legally bound to do. Her liability under the bond was then due and payable. She might then have been required to pay it all forthwith. And it is a well recognized principle, that the payment, or promise of payment, of money which is then due and payable by virtue of an existing valid contract of the promisor, is not in contemplation of law a sufficient consideration for any new contract. *Wescott* v. *Mitchell*, 95 Maine, 377, 383; *Dunn* v. *Collins*, 70 Maine, 230; *Wimer* v. *Worth Township Poor Overseers*, 104 Pa. St., 317; *Mathewson* v. *Strafford Bank*, 45 N. H., 104; *Parmelee* v. *Thompson*, 45 N. Y., 58; *Bedford's Exr.* v. *Chandler*, 81 Vt., 270, 273; 6 R. C. L., 664. The defendant, therefore, contends that the plaintiff's promise to forbear action on the bond was without a legal consideration and not binding on him, in other words, that he could have brought action on the bond immediately after the part payment was made, in total disregard of his promise to wait until the April term of court. We think that contention is sound, and well supported by authorities. In *Warren* v. *Hodge*, 121 Mass., 106, the court said: "It is too well settled to require discussion or reference to authorities, that an agreement to forbear to sue upon a debt already due and payable, for no other con-

sideration than a payment of a part of the debt, is without legal consideration, and cannot be availed of by the debtor, either by way of contract or estoppel."

But it does not follow, as the defendant claims, that this action against her is not maintainable, simply because the plaintiff's promise to forbear action on the bond could not have been enforced against him during the specified period of forbearance. "If a contract, although not originally binding for want of mutuality, is nevertheless executed by the party not originally bound, so that the party asserting the invalidity of the contract has actually received the benefit contracted for, the latter will be estopped from refusing performance on his part on the ground that the contract was not originally binding on the other, who has performed." 6 R. C. L., 890. Granting that the parties, through the correspondence referred to, entered into a bilateral contract, and that there was want of mutuality in that contract because the plaintiff was not bound to perform his part of it, nevertheless, he did fully perform the contract on his part, and the defendant received the full benefit contracted for. Having enjoyed the forbearance of the plaintiff from bringing action against her on the bond for the full period agreed upon, the defendant is now estopped from refusing performance on her part on the ground that the contract was not originally binding on the plaintiff, who did, nevertheless, perform it and she received the benefit thereof.

It is, therefore, the opinion of the court that this action is maintainable, and that the plaintiff is entitled to judgment against the defendant for one hundred seventy-five dollars and sixty cents and costs, with interest from the date of the writ.

*So ordered.*