240 So.2d 353

John W. GANT

v.

Gene WARR.

8 Div. 393.

Supreme Court of Alabama.

Oct. 8, 1970.

Campbell & Campbell, Scottsboro, for appellant.

Dawson, McGinty & Livingston, Scottsboro, for appellee.

PER CURIAM.

Appeal by complainant in equity seeking to enjoin respondent from engaging in the accounting business within an area set out in the partnership agreement contract. The amended demurrers to the bill specifically pointed out that the contract was void as being contrary to the provisions of § 22, Title 9, Code of Alabama, Recompiled 1958. The court sustained the demurrers to the bill and dismissed the

complaint, reciting that the allegations are such that the same could not be amended "to make such contractual provision valid."

On December 5, 1963, John W. Gant, appellant, and Gene Warr entered into a partnership agreement to engage in the practice of public accounting, with Scottsboro, Alabama, as the principal place of business. A copy of the contract was attached to the bill of complaint, as Exhibit A, and made a part thereof. Section Five of the contract reads as follows:

"It is expressly agreed and understood that all assets of the business, both tangible and intangible, will and shall remain the property of the partnership, and should either partner withdraw or become disassociated from said partnership by a sale of his share or otherwise, said withdrawing partner shall not remove or make use any property or information of said partnership against the interest of said business and either partner so withdrawing from the partnership specifically agrees and covenants that he will not engage in the accounting business or perform any accounting services for the public within the principal area of business of said partnership, to-wit: Jackson, Marshall and DeKalb Counties in the State of Alabama for a period of five years from the date of withdrawal from said partnership."

The decree of the court reads in part as follows:

"The complainant complains that the respondent, in violation of said Section Five, has opened an office for the practice of accounting in Scottsboro, Jackson County, Alabama, and is engaging in the accounting business and performing accounting services in the area prohibited by said contract. An injunction is sought prohibiting the respondent from engaging in the accounting business or performing any accounting services in said three counties. This is the only relief contained in the prayer of the bill except general relief.

"The demurrers of the respondent, among other grounds, attack the bill of complaint upon the grounds that said section five of the partnership agreement is void as being contrary to law, as being contrary to the provisions of Section 22, Title 9, Code of Alabama and for that it seeks to prohibit the exercise of a lawful profession.

"It almost goes without saying that the practice of accounting by a Certified Public Accountant is a profession, and the averments of the bill of complaint and the partnership agreement verify that such is a profession.

"The code sections in Title 9 that are pertinent to this decision are as follows:

" '22. Contract in restraint of trade, void.—Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void.

" '23. Exceptions in favor of purchaser of good will and employer.—One who sells the good will of a business may agree with the buyer, and one who is employed as an agent, servant, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof, so long as the buyer or any person deriving title to the good will from him, and so long as such employer carries on a like business therein.

" '24. Exceptions in favor of partnership arrangements.—Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same county, city or town where the partnership business has been transacted, or within a specified part thereof.'

"Thus, under Section 22, a specific covenant not to compete in a profession is void unless it is within the limited exceptions created by Sections 23 and 24. Does

the partnership agreement in question fall within either of such exceptions?

"In Odess v. Taylor, 282 Ala. 389, 211 So.2d 805, the Supreme Court of Alabama construed Section 23 as follows:

" 'It is significant that the term "profession" is omitted in Section 23. Said section pertains to a "business" to an "agent, servant or employee" and to soliciting old "customers" of a former "employer."

" 'Having included "profession" in Section 22, and omitted this term in Section 23, an affirmative inference is created that the legislature did not intend to include professions in Section 23, such interpretation being aided by resort to the maxim "expressio unius est exclusio alterius." * * *

" 'We hold that the lower court correctly found that Section 23 does not apply to covenants restraining the practice of a profession, and that such contracts are void under Section 22, supra.'

"It therefore appears that the exception in Section 23 does not apply to said section five of the agreement restraining the respondent from the practice of his profession. The complainant's case must therefore stand or fall upon Section 24.

"Section 24 must be carefully read, applying the same logic as was applied by the Supreme Court in the above quoted portion of the Odess case.

"It is significant that the term 'profession' is omitted from Section 24. Said action pertains to a 'similar business' where the 'partnership business' has been transacted.

"Having included 'profession' in Section 22, and omitted this term in Section 24, the same affirmative inference is created that the legislature did not intend to include professions in Section 24.

"In view of the holding in the Odess case, this court has no alternative but to hold that Sections 23 and 24 do not apply to section five of the partnership agreement

and that section five is void under Section 22, supra. Since same is void, the respondent's demurrers are well taken. This cause must also be dismissed since the allegations of the complaint are such as could not be amended to make such contractural provision valid. Denson v. Foote, 273 Ala. 470, 142 So.2d 877.

"The matter being fully understood by the Court, it is Ordered, Adjudged and Decreed by the Court as follows:

"1. That the respondent's demurrers to the complainant's bill of complaint and to the aspect thereof seeking a permanent injunction be, and the same are hereby, sustained.

"2. That the bill of complaint and this cause of action be hereby dismissed for the reasons heretofore stated in this decree.

"3. That the complainant is hereby taxed with all costs accrued herein, for the collection of which let execution, or other proper process, issue.

"4. That the register shall mail a copy of this decree to the solicitors of record in this cause.

"Done this the 16th day of October, 1969.

Edward D. Scruggs

SPECIAL JUDGE

IN EQUITY SITTING

"Filed Oct. 17, 1969."

It appears that the sole question presented by this appeal is whether § 24 of Title 9 should be given the same construction that was given § 23 of Title 9 in Odess v. Taylor, 282 Ala. 389, 211 So.2d 805.

These sections, as amended, appear without change as §§ 22, 23 and 24, Title 9, Code 1940.

■ We have upheld the general principle that "contracts restraining employment are looked upon with disfavor in modern law." Hill v. Rice, 259 Ala. 587, 67 So.2d 789.

■ Also that statutes intended for public benefit are to be construed most favorably to the public. Employers Ins. Co. of Ala. v. Johnston, 238 Ala. 26, 189 So. 58.

■ Our holding in Odess v. Taylor, *supra,* is clearly applicable here. There can be no question that the practice of accounting by certified public accountants, as here, is a profession. Having included "profession" in § 22, and omitted this term in § 24, the omission in § 24 of "professions" indicates an affirmative inference that the legislature did not intend to include professions in § 24, such interpretations being aided by resort to the maxim, *"Expressio unius est exclusio alterius."* The agreement not to compete is, therefore, void under the provisions of § 22, Title 9, *supra.*

We hold that the lower court correctly decided the issues presented. The decree is due to be affirmed.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

SIMPSON, MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.