This appeal arises from a judgment holding that a contract containing a non-competition clause was valid and enforceable, and that payments were due pursuant to the agreement. We reverse and remand.
The undisputed facts, stipulated at trial, indicate that on February 1, 1973, Appellee, Bernard L. Adams, was employed by Appellant Ronald E. Burkett, as a public accountant. Thereafter, on March 14, 1973, Adams and Burkett entered into two agreements for the sale of Adams' accounting business and the sale and/or lease of several assets of that business, including its good will. Contained within one of these agreements was a provision that, upon Adams' termination of employment, he would not compete with Burkett and would recommend Burkett to his former clients. In consideration of this agreement, Burkett employed Adams and agreed to pay certain sums after termination of his employment. Burkett's contract to purchase certain of the physical assets of Adams' business is not in dispute.[1]
Adams voluntarily terminated the employment effective August 11, 1973. Burkett, in compliance with the contract, paid several installments on the purchase price. After Adams prepared five 1974 income tax *Page 2 
returns for former clients in the area, however, Burkett discontinued his payments. Adams received no payments for the returns he prepared and expects no such remuneration.
The peculiar posture of this action is apparent when it is understood that Adams filed suit to enforce the contract and recover sums due thereunder. It is Burkett who asserts the invalidity of the contract because it violates Tit. 9, § 22, Code,[2] and is void as a restraint on trade. In support of this contention, he argues that a public accountant is aprofessional and, as such, is not included within the exceptions stated in Tit. 9, § 23, Code. Therefore, the contract would be covered by § 22 and would be void.
The primary question which we must address, then, is whether the practice of "public accounting" is a "profession" as that term is understood in the law. It appears this is a question of first impression and authorities from other jurisdictions are of little help because our statutes in this regard are, to a certain extent, unique.
It is well settled that contracts in restraint of trade are looked upon with disfavor. Associated Surgeons, P.A. v.Watwood, 295 Ala. 229, 326 So.2d 721 (1976); Mason Corp. v.Kennedy, 286 Ala. 639, 244 So.2d 585 (1971); and Hill v. Rice,259 Ala. 587, 67 So.2d 789 (1953). Furthermore, even a specific covenant not to compete in a profession, trade, or business is void except within the limitations imposed by Tit. 9, §§ 23 and 24, Code. Joseph v. Hopkins, 276 Ala. 18, 158 So.2d 660 (1963). Because the term "profession" is not included within §§ 23 and 24, a contract restraining the practice of a profession is void under § 22. Odess v. Taylor, 282 Ala. 389, 211 So.2d 805
(1968). Thus, should we determine that the practice of public accounting is a profession, the contract presently under consideration must be held void.
We have previously held that the practice of accounting by a certified public accountant is a profession. Gant v. Warr,286 Ala. 387, 240 So.2d 353 (1970). This is not necessarily controlling here, however, because the question here presented concerns a "public accountant" — not a C.P.A.
The record before us discloses no difference in the duties and capabilities between the two occupations. We do note, however, that a C.P.A. obtains this status through certification by the Alabama State Board of Public Accountancy. See Tit. 46, §§ 7 (1), et. seq., Code.[3] Under the law when the contract took effect, however, no such provision was made as to public accountants. They did not come under the Board's supervision until October, 1973. See Tit. 46, § 7 (7), Code (1973 Supp.).
Though several, definitions of the term "profession" may be espoused, as stated in Odess, 282 Ala. at 396,211 So.2d at 812, we can find no better definition than the following observation of the late Dean Roscoe Pound:
 "There is much more in a profession than a traditionally dignified calling.
 "The term refers to a group of men pursuing a learned art as a common calling in the spirit of public service — no less a public service because it may incidentally be a means of livelihood. Pursuit of
 the learned art is the purpose. Gaining a livelihood is incidental, whereas, in a business or trade it is the entire purpose. . . ." Pound, "The Lawyer from Antiquity to Modern Times," pp. 5-6.
Obviously, too, however, this definition is not dispositive.
In a case dealing with the revocation of a C.P.A.'s certification, we have previously stated:
 "The rights of complainant in this case are unlike the rights of a physician, surgeon, dentist, lawyer, or school-teacher to practice their callings or professions. Under the law, they cannot practice *Page 3 
without a certificate or license; and, when their license or certificate is revoked, they are thereby prevented from practicing their profession at all. In the case of accountants, however, this is not true. They are not required to obtain a certificate or license to practice their calling, but obtaining the license or certificate is purely voluntary on their part. Nor does the revocation or cancellation of the license or certificate, when once issued, bar or deprive them from further or longer practicing their chosen calling. The license in their case is but a certificate of the board issuing it as to their competency and fitness. It is not at all a requisite to the practice of their calling, though it may be true, and doubtless is, that the certificate of license, being an authoritative recommendation or certification of a legally constituted board as to efficiency and qualifications, has some value." Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 187, 94 So. 94, 96 (1922).
Though not controlling, the above quote is instructive as to the distinction between a public accountant and a C.P.A. Certainly, a C.P.A. may be entitled, because of such status, to perform services not properly performed by a public accountant. But the close association and similarity of services performed by the two callings indicate that both could, and should, be considered together. Therefore, because we have previously held that the practice of accounting by a C.P.A. was a profession, we see no reason to prevent deeming public accounting likewise a profession. See Gant, supra. As such, the contract here under consideration, because it restricted Appellee's practice of his chosen profession, is void under Tit. 9, § 22, Code. The Court will not interfere at the suit of either, but the parties are left where they have placed themselves. Booker T. WashingtonBurial Insurance Co. v. Roberts, 228 Ala. 206, 153 So. 409
(1934).
The judgment of the trial Court is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX and BEATTY, JJ., concur.
TORBERT, C.J., and BLOODWORTH, ALMON and SHORES, JJ., concur specially.
EMBRY, J., dissents.
FAULKNER, J., not sitting.
[1] Nothing in this opinion is to be understood as affecting the validity of the decree below relating to the sale of Adams' accounting business.
[2] Because this suit arose before the new Code became effective, citations will refer to the prior Code. The present Code contains identical provisions in § 8-1-1, Ala. Code (1975).
[3] § 34-1-1, et seq., Code (1975).