**Leroy T. BLALOCK, Plaintiff-Appellee,**

**v.**

**PERFECT SUBSCRIPTION COMPANY, a corporation, Defendant-Appellant.**

**No. 78–3219.**

United States Court of Appeals, Fifth Circuit.

July 30, 1979.

David A. Bagwell, Patrick Sims, Mobile, Ala., for defendant-appellant.

Thomas W. Underwood, Jr., Foley, Ala., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and KRAVITCH, Circuit Judges.

PER CURIAM.

The issue before us in this diversity case is whether the district court correctly decid-

ed that the anticompetition covenant in the parties' contract was unenforceable against the appellee because it violated a public policy of Alabama. We conclude that the holding of the district court was correct for the reasons stated in Judge Hand's well-reasoned opinion. 458 F.Supp. 123 (S.D. Ala.1978).[1] Accordingly, we affirm the judgment below.

AFFIRMED.

1. The appellant claims that our decision in *Wilkinson v. Manpower, Inc.,* 531 F.2d 712 (5th Cir. 1976) shows that the district court erred in concluding that enforcement of the restrictive covenant would violate a fundamental public policy of Alabama. The short answer to this argument is that *Wilkinson* is inapposite. *Wilkinson* concerned the public policy of *Florida* with respect to its enforcement of restrictive covenants, and the fact that Florida and Alabama have very similar statutes dealing with restrictive covenants, *compare* Ala.Code § 8– 1–1 *with* Fla.Stat. § 542.12, does not necessarily mean that they have the same public policy on this issue. Moreover, our review of Alabama cases convinces us that Alabama's statute on restrictive covenants, Ala.Code § 8–1–1, embodies a fundamental public policy of the state and that the enforcement of this restrictive covenant would violate that policy. *See Robinson v. Computer Servicenters, Inc.,* 346 So.2d 940, 943 (Ala.1977); *Gant v. Warr,* 286 Ala. 387, 240 So.2d 353, 355 (1970); *Hill v. Rice,* 259 Ala. 587, 67 So.2d 789, 793 (1953).