414 So.2d 921 (1982)
William C. MANN
v.
CHERRY, BEKAERT AND HOLLAND, et al.
80-666.
Supreme Court of Alabama.
April 16, 1982.
Rehearing Denied May 28, 1982.
*922 Arthur Green, Jr. of Paden, Green & Paden and Ralph L. Armstrong, Bessemer, for appellant.
Walter J. Sears, III of Bradley, Arant, Rose & White, Birmingham, for appellees.
ADAMS, Justice.
This appeal comes to us from the Circuit Court for Jefferson County. The dispute between the parties involves the validity of a contract for the purchase and sale of an accounting practice. The contract contained a mutual non-competition covenant. Although the trial court held that the non-competition covenant was void under Code 1975, § 8-1-1, it, nevertheless, upheld the remainder of the contract, thereby requiring William C. Mann (defendant) to pay Cherry, Bekaert & Holland (plaintiff) the agreed purchase price. From that judgment, the defendant appealed.
The dispositive issue on this appeal is whether a contract for the sale of an accounting practice that contains an invalid covenant not to compete, is, nevertheless, valid as to the sale of the practice. We hold that it is, and thereby affirm the judgment of the trial court.
The facts pertinent to this appeal are as follows. Defendant, a certified public accountant, was admitted as a partner into the plaintiff firm, and joined its Birmingham, Alabama, office in 1970. In 1974 the parties agreed to end their partnership. A contract was negotiated and executed that allowed defendant to purchase the physical assets of his former Bessemer, Alabama, office and also the practice of that office. After some negotiation, the parties agreed on the price of $74,527.00, for which the defendant could purchase his former practice. The parties agreed to separate prices for the defendant's purchase of the office furniture, fixtures, leasehold improvements, accounts receivable, and work in progress. Both parties agreed that $74,527.00, was a reasonable price for the Bessemer practice. The purchase price was offset by the value of defendant's interest in the partnership. The result, after offsetting, was an agreed upon purchase price of $39,231.72. The parties agreed upon installment payments over a ten-year period beginning on January 20, 1975.
The contract included covenants by which the parties promised not to compete with each other. The parties stipulated that neither has violated those provisions. Defendant signed a note in the amount of $39,231.72, in accordance with the contract. He *923 made payments on the note until September 15, 1978. At that time the defendant concluded that the non-competition covenants rendered the contract void. He stopped making payments. The plaintiff brought suit and received a judgment for $43,495.63, which represents the remaining balance due on the note and attorney's fees as provided for under its terms.
Although several analyses would yield the same result, the following analysis is sufficient to reach the correct decision. The parties submitted stipulations of fact in lieu of testimony. Because oral evidence was not taken, the usual presumptions favoring the trial court's findings do not apply. Instead, this court "sits in judgment on the evidence." Hacker v. Carlisle, 388 So.2d 947 at 950 (Ala.1980); McCulloch v. Roberts, 292 Ala. 451, 296 So.2d 163 (1974); Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115 (1950). Our review of the stipulations of fact and documents reflecting pre-contract negotiations does not reveal anything to lead us to conclude that the final terms of the contract do not reflect the true intentions of the parties.[1] Therefore, our review turns to the pertinent provisions of the contract.
Paragraph four states the following:
4. The Firm hereby sells, transfers, assigns and conveys unto Mann the clients of the Bessemer, Alabama office of the Firm as shown on the list attached hereto as Exhibit A (hereinafter referred to as the "Bessemer practice") for the sum of SEVENTY-FOUR THOUSAND FIVE HUNDRED TWENTY-SEVEN AND NO/100 DOLLARS ($74,527.00). [Exhibit omitted from opinion.]
Paragraphs five, seven, and eight also note that the purchase price is for the sale of the Bessemer office. Paragraph 18 contains plaintiff's covenant not to compete with the Bessemer office:
18. The Firm covenants and agrees that it will not provide accounting or tax services for any clients on the attached list without Mann's approval for a period of 120 months after the effective date of this Agreement. The payment by Mann to the Firm of the SEVENTY-FOUR THOUSAND FIVE HUNDRED TWENTY-SEVEN AND NO/100 DOLLARS ($74,527.00) for the Bessemer practice is taxable income to the Firm and is paid to the Firm in exchange for the Firm's covenant not to compete with Mann as to the clients listed in Exhibit A.
Paragraph 19 contains a similar non-competition covenant by the defendant:
19. Mann covenants and agrees that he will not provide accounting or tax services to any clients of the Firm's offices in Alabama for a period of 120 months after the effective date of this Agreement. The payment by the Firm to Mann of the THIRTY-FIVE THOUSAND TWO HUNDRED NINETY-FIVE AND 28/100 DOLLARS ($35,295.28) is taxable income to Mann and is paid to Mann in exchange for his covenant not to compete as to any clients of the Firm's Alabama office as well as in full settlement of his partnership interest in the Firm.
The above-quoted paragraphs show that initially the consideration for the contract is stated in paragraph four as being the sale of the client list for the Bessemer office. However, paragraphs 18 and 19 recite that the non-competition covenants also are part of the consideration. Defendant argues that no contradiction or ambiguity exists between these paragraphs, and that the sale of the client list and the non-competition *924 agreements are but one single consideration. He theorizes, therefore, that because Code 1975, § 8-1-1(a), prevents one from being restrained by contract from exercising a lawful profession, the contract is void. Code 1975, § 8-1-1(a), provides:
Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
A certified public accountant is a professional within the meaning of that section. Thompson v. Wiik, Reimer & Sweet, 391 So.2d 1016 (Ala.1980); Gant v. Warr, 286 Ala. 387, 240 So.2d 353 (1970) (construing Code 1940 (Recompiled 1958), Tit. 9, § 22 et seq., the predecessor of Code 1975, § 8-1-1).
We agree with defendant that the above-quoted paragraphs of the contract are neither ambiguous nor contradictory. However, our agreement with the defendant ends there. We cannot accept the proposition that the agreement to buy the client list and the non-competition covenants are one and the same. It certainly is possible that the list could be sold without the agreements not to compete. We are of the opinion that a fair reading of the contract indicates that both are separate elements that entered into the total consideration. Because these are separate elements of consideration, the contract is not totally void under § 8-1-1(a). Only the non-competition covenants are void under that section. Defendant's apparent arguments to the contrary are not persuasive. The mere inclusion of a non-competition covenant in a contract in violation of § 8-1-1(a) does not necessarily render the entire contract void. The very wording of the statute says that such a contract "is to that extent void." That language is clear and unambiguous and, therefore, leaves no room for judicial construction. Town of Loxley v. Rosinton Water, Sewer and Fire Protection Authority, Inc., 376 So.2d 705 (Ala.1979). Defendant cites Thompson v. Wiik, Reimer & Sweet, 391 So.2d 1016 (Ala.1980), and Burkett v. Adams, 361 So.2d 1 (Ala.1978), in support of his argument that the entire contract is void due to the inclusion of the non-competition covenants. Those cases do not support defendant's argument. Thompson v. Wiik, Reimer & Sweet, presented the following fact situation:
After an initial down payment to the sellers of $10,000.00 on October 1, 1971, the Appellees agreed to make monthly payments of twenty per cent of all accounting fees paid to the Appellees by ex-clients of the McCrary and Thompson partnership. These monthly payments were to commence in January of 1972 and were to continue until December 10, 1977. The contract specifically provided that "... no portion of the total consideration... is to be treated as a payment for `goodwill' ... and that ... with the exception of the allocation of $8,200.00 [for the physical assets] the remaining portion of all considerations ... shall be regarded as payment for the covenant not to compete ...."
Thompson v. Wiik, Reimer & Sweet at 1017 (footnote omitted). That situation is materially different from the instant case. There, the sole consideration (except for the sale of the physical assets) was the covenant not to compete. Under § 8-1-1, that part of the agreement would fail in its entirety because there was no other lawful basis to the contract. Burkett v. Adams specifically recognizes that an agreement with a covenant not to compete, in violation of § 8-1-1(a), otherwise may be valid. Burkett v. Adams, 361 So.2d 1 n. 1. Defendant's argument is, therefore, without merit.
Next, defendant contends that his purchase of the client list is useless unless he can prevent plaintiff from competing for these clients. This argument also assumes that there is but one element of consideration for the contract, and, therefore, the contract is void under § 8-1-1(a). In effect, defendant appears to say that the contract is illusory because he is bound to pay for the client list, but the plaintiff is not bound to refrain from competing for the clients on that list. On the surface, defendant's *925 argument is appealing. It does not, however, withstand closer scrutiny.
It is clear that in actuality the parties are buying and selling the goodwill of the Bessemer office. The parties could buy and sell the goodwill absent a covenant not to compete. We recognize, of course, that subsequent competition by the seller for the subject clients would reduce, and possibly eliminate, the value of the agreement to the buyer. Nevertheless, although a buyer of goodwill cannot enforce a covenant not to compete, it does not follow that the contract is void for failure of consideration through the operation of § 8-1-1(a).
In the instant case, we are of the opinion that defendant should not be relieved of his obligation to pay the purchase price for the client list. As we have discussed already, the contract is not void in its entirety under § 8-1-1(a). Arguably, it can be said that there has been a failure of consideration in regard to that part of the consideration attributable to the parties' agreements not to compete. However, under the facts of this case we need not concern ourselves with an analysis of the consequences that might flow from such a failure. We observe that both parties agreed neither is guilty of violating the agreement not to compete. Plaintiff sued the defendant only after he ceased making installment payments on the note executed in accordance with the terms of the contract. As noted above, the defendant did so because he concluded the agreement was void under § 8-1-1(a). Defendant's action in ceasing payments, thus, apparently was motivated by the theoretical failure of the agreement not to compete. In fact, however, defendant received all that he bargained for because it is undisputed that plaintiff has not attempted to compete for the clients on the list. In Hay v. Fortier, 116 Me. 455 at 458, 102 A. 294 at 295 (1917), the Supreme Judicial Court of Maine stated:
If a contract, although not originally binding for want of mutuality, is nevertheless executed by the party not originally bound, so that the party asserting the invalidity of the contract has actually received the benefit contracted for, the latter will be estopped from refusing performance on his part on the ground that the contract was not originally binding on the other, who has performed. [Citation omitted.]
Similarly, the United States Supreme Court has held:
Where the defendant has actually received the consideration of a written agreement, it is no answer to an action brought against him for a breach of his covenants in the same to say, that the agreement did not bind the plaintiff to perform the promises on his part therein contained, provided it appears that the promises in question have, in fact, been performed in good faith, and without prejudice to the defendant. [Citations omitted.]
Storm v. United States, 94 U.S. 76 at 83, 24 L.Ed. 42 at 45 (1877); cf. McIntyre Lumber & Export Co. v. Jackson Co., 165 Ala. 268, 51 So. 767 (1910) (quoting Storm v. United States). The above-quoted principles apply to this case. Because defendant, in fact, received all that he bargained for, he should not be allowed to use the unenforceability of the non-competition covenants to escape from his obligation under the contract. Had plaintiff actually competed for the subject clients, a different result would be necessary. However, that is not the fact situation before us, so we need not consider it further. Our decision allows us to pretermit discussion of the other issues raised by the parties.
The judgment of the trial court is affirmed.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I concur only in the result of this case. In my view, while it was not argued by either party, the portion of this contract dealing with consideration is severable from *926 the portion dealing with the covenants not to compete and the trial court could have found that under paragraph eighteen of the contract, consideration for the defendant's covenant not to compete had been paid, as an offset against the amount due under paragraph nineteen. E. C. Ernst, Inc. v. Manhattan Construction Co. of Texas, 387 F.Supp. 1001 (S.D.Ala.1974), aff'd in part, reversed in part on other grounds, 559 F.2d 268 (5th Cir. 1977), cert. denied, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978); Locke v. Kay, 257 Ala. 376, 59 So.2d 70 (1952). This would leave a balance of $39,231.72, which would be the amount due on the note for the sale of the client list of the Bessemer office.
This holding, in turn, would remedy the possible problems, as raised by the majority opinion, of a failure of consideration as to the parties' covenants not to compete and a lack of mutuality between the parties. It would also alleviate the necessity of an analysis of an estoppel as to the covenant not to compete where, as here, the parties have not breached and have, at least thus far, received what they bargained for.
NOTES
[1] The contract states it is an integrated agreement. That fact, in addition to its being free of ambiguity, normally would preclude our review of extrinsic evidence. Mass Appraisal Services, Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981); Wiginton v. Hill-Soberg Company, 396 So.2d 97 at 98 (Ala.1981); Hibbett Sporting Goods, Inc. v. Beirnbaum, 375 So.2d 431 (Ala. 1979); C. F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975). However, where a contract is alleged to be void due to illegality, fraud, or mistake, relevant extrinsic evidence may be considered. Richard Kelley Chevrolet Company v. Seibold, 363 So.2d 989 (Ala.Civ.App.1978); 3 A. Corbin, Contracts § 573 (1960); See Real Coal, Inc. v. Thompson Tractor Company, 379 Ala. 1249 at 1251 (Ala. 1980).