SEE, Justice
(concurring specially).
I concur with the answer to the first certified question. I write specially to address two points. First, I do not agree that enabling Dr. McDonald to complete his residency is a restraint on the practice of his profession, nor do I agree that allowing the forgiveness of Dr. McDonald’s $106,428.55 (plus interest) debt at the rate of l/48th per month in return for his services is any more a restraint of trade than would have been an offer to pay Dr. McDonald l/48th of $106,428.55 (plus interest) each month for four years to practice in Jasper. I note that neither the promissory notes nor the Physician Recruitment Agreement provides for any penalty or specific performance of the Agreement to practice exclusively in Jasper.
Second, even if the Agreement were a restraint of trade as contemplated by Ala. Code 1975, § 8-l-l(a), and, thus, void to that extent, Dr. McDonald should not be allowed to use the unenforceability of that provision of the Agreement to avoid his contractual obligations under the remaining valid part of the Agreement. See Salisbury v. Semple, 565 So.2d 234 (Ala.1990) (holding that the buyer of an ophthalmology practice was estopped from refusing to perform his obligation to pay the agreed purchase price under the purchase agreement simply because it contained a covenant not to compete); Mann v. Cherry, Bekaert & Holland, 414 So.2d 921, 925 (Ala.1982) (holding that because the buyer of an accounting practice received all that he bargained for, he should not be allowed to use the unenforceability of the noncom-petition covenants to avoid his contractual obligations) (“ ‘If a contract, although not originally binding for want of mutuality, is nevertheless executed by the party not originally bound, so that the party asserting the invalidity of the contract has actually received the benefit contracted for, the latter will be estopped from refusing per *173 formance on his part on the ground that the contract was not originally binding on the other, who has performed.’ ”).
LYONS, J., concurs.