# Howard *v.* Taylor.

### *Action for Damages for Breach of Special Contract.*

90  241
99  232
90  241
101  175
90  241
110  469

1. *Sale of business and good-will; stipulation not to engage in same business; remedy for breach; measure of damages.*—On the sale of a bar for retailing liquors, with fixtures, good-will and unexpired lease, if the seller stipulates not to carry on the business elsewhere in the same town. an action *ex contractu* lies for the breach of such stipulation, and the purchaser may recover the damages which the evidence shows he has sustained; but, in the absence of evidence, positive or circumstantial, as to the injury resulting to him, he can only recover nominal damages.

2. *Same.*—A charge which instructs the jury that, on proof of the defendant's breach of the promise not to engage in the same business elsewhere in the same town, the plaintiff is entitled to recover, as damages, the difference between the aggregate price paid and the value of the property received other than the good-will, in effect makes the value of the good-will the measure of damages, and is erroneous.

3. *Same.*—A charge which instructs the jury that, without any proof of actual damages,they may render a verdict for plaintiff, "for whatever amount they may think he is damaged, not exceeding the amount claimed in the complaint, after deducting the admitted value of the property received by him," would authorize a recovery for remote, consequential, speculative, or punitive damages, and is therefore erroneous.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Wm. T. Taylor against Frank A. Howard, and was commenced on the 14th March, 1887. The complaint claimed $2,000 damages, for the defendant's

16

alleged breach of a contract by which he sold to plaintiff his bar and fixtures in the town of Decatur, with the good-will, and the unexpired lease, at the aggregate price of $1,400, and promised and agreed that he would not carry on the same business at any other place in the town, but would remove his stock of goods and business into Limestone county; the alleged breach or breaches being, that he did not remove his stock and business into Limestone county, but opened another bar-room in Decatur. The defendant excepted to a charge given by the court *ex mero motu*, and also to a charge given at the instance of the plaintiff; and he also excepted to the refusal of two charges asked by him in writing. The charges given, or the substance of them, is stated in the opinion. The charges asked and refused were as follows: (1.) "If the defendant has any remedy for the breach of promise stated in the complaint, it is by an action on the case for consequential damages; and this being an action of assumpsit, plaintiff can not recover." (2.) "The facts in evidence do not entitle the plaintiff to recover, and the verdict of the jury must be for the defendant." The charges given, and the refusal of the charges asked, are assigned as error.

BRICKELL & HARRIS, for appellant, cited Story on Partnership, § 99; 8 Amer. & Eng. Encycl. Law, 1366–68; *Morgan v. Schuyler*, 79 N. Y. 490; *Washburn v. Dosch*, 68 Wisc. 434, or 60 Amer. Rep. 873; *Bergami v. Bastian*, 35 La. Ann. 60, or 48 Amer. Rep. 216; 17 Vesey, 335; *Burckhardt v. Burckhardt*, 36 Ohio St. 261, and 42 Ohio St. 474; 1 Suth. Damages, 118–21, 783–5; *Rose v. Bozeman*, 41 Ala. 678; *Murrell v. Whiting*, 32 Ala. 54; *Alley v. Daniel*, 75 Ala. 403.

WERT & SPEAKE, *contra*, cited *Culver v. Hill*, 68 Ala. 66.

CLOPTON, J.—The facts, on which the instruction as to the measure of recovery is based, are, that there was a sale by defendant to plaintiff of the bar-fixtures, the right to lease the house in which defendant was doing business, and the good-will of the trade or business, for the gross sum of fourteen hundred dollars; that defendant promised to treat and regard his licenses, the estimated cost of which for the unexpired term formed a part of the fourteen hundred dollars, as cancelled, and not to engage or continue after the sale in the business of retailing in the town of Decatur, but to remove his stock of liquors to Limestone county for sale; and that he subsequently removed them to another house in Decatur, and engaged in and continued the business of retailing. On these

facts, hypothetically stated, the court instructed the jury, that plaintiff was entitled to recover the difference between the value of the bar-fixtures and the right to lease the house, and the sum of fourteen hundred dollars, with interest from the time of payment. The only breach of the contract of sale, hypothesized in the charge, consists in defendant's engagement in an independent business of the same kind in Decatur. The instruction proceeds on the theory, that the total destruction or deprivation of the good-will is the necessary consequence of such breach of the contract, and that in such case the law fixed, as the standard of recovery, the value of the good-will as estimated by the parties to the transaction, such value to be ascertained by deducting from the gross sum paid the value of the property purchased by plaintiff, other than the good-will.

However difficult it may be to define accurately what is included in the term *good-will*, it is recognized as a species of property, the subject of sale and transfer, and is regarded an appreciable and important interest which the law will protect, though intangible, and, generally speaking, merely an incident of other property. Being the clearest and most comprehensive we have seen, we quote the definition given in Story on Part. § 99: "This good-will may be properly enough described to be, the advantage or benefit which is acquired by an establishment beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it received from constant and habitual customers, on account of its local position, or common celebrity, or reputation for skill, or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices." It has been held in many cases, that a sale or lease of the premises with the stock of merchandise, accompanied by the good-will, does not, of itself, imply a promise not to engage in business of the same kind in the locality, nor preclude the seller from soliciting the custom of the public by the usual modes of advertisement, or solicitation. In such case, the good-will is not regarded an incident of the stock of merchandise, but of the place of business, on account of its advantageous locality and other favorable conditions. *Bergami v. Bastain*, 35 La. An. 60; s. c., 48 Amer. Rep. 216; *Moveau v. Edwards*, 2 Tenn. Ch. 347; 8 Amer. & Eng. Ency. Law, 1368, n. 3; *Labouchere v. Dawson*, L. R. 13 Eq. 332. This question we need not decide. Assuming the facts to be as stated in the charge, which we must do in considering its propriety, there was a stipulation not to engage in the same

[Howard v. Taylor.]

business in Decatur.   Such stipulation, accompanying the sale of the good-will, renders it more valuable, as increasing the chances, by the exclusion of the seller from the trade or business as a competitor, that the former customers will continue to frequent the old place, and bestow their patronage.   An agreement not to engage in the same business in the same locality is valid and binding, for a breach of which the purchaser may unquestionably maintain an action on the contract, and recover the damages he has sustained in consequence of the breach.— *Washburne v. Dosch,* 68 Wis. 436 ; s. c., 60 Amer. Rep. 873.

The question arises, does the charge, upon the facts stated, and in view of the character of the stipulation and its connection with the good-will, assert the correct measure of recovery ? In other words, is the compensation for the injury sustained by the breach of such promise arbitrarily measured by the excess of the gross amount paid over the value of the other property, without regard to the extent of the actual injury suffered ?   In an action founded on the breach of a contract, the general rule is, that the plaintiff can only recover the natural and proximate damages caused by the breach complained of.   Under this rule, the right of the plaintiff is to recover compensation for the injury he has sustained by the violation of the promise not to engage in the same business.   The difficulty of proving what damages result from the breach of such promise, arising from its nature, may be conceded.   The uncertainty and difficulty of proving the resulting damages does not except the case from the operation of the general rule, and, in the absence of proof, positive or circumstantial, of injury, the plaintiff is entitled to recover only nominal damages.— *Terry v. Eslava,* 1 Port. 273. The loss of profits, if there are *data* from which the amount may be ascertained with reasonable certainty; the diminution in value of the property sold, and the cost of the licenses for the unexpired term, all may be regarded as elements of the damages, which go to make up the measure of recovery. *Burkhardt v. Burkhardt,* 47 Ohio St. 474 ; *Mitchell v. Read,* 84 N. Y. 556 ; *Mellesch v. Keen,* 28 Beav. 453 ; *Rawson v. Pratt,* 91 Ind. 9.

In such action, the plaintiff must not only show a right of recovery, but also the facts or elements which compose the measure of recovery, unless the criterion by which the damage may be ascertained is provided by the contract, or by the law operating on the contract.   Without proof of actual injury, and its extent—from the mere fact that the defendant engaged in the same business in Decatur—the instruction assumes that plaintiff suffered damage to the extent of the difference between

[Howard v. Taylor.]

the gross price paid and the value of the property other than the good-will. Though a promise not to engage in the same business imparts value to the good-will, for the reason that it affords a protection to the business of the purchaser, not obtained by the good-will *simpliciter*, there is no distinction in the character and extent of the damage produced by a breach of such promise, when the good-will accompanies it, and when not. In either case, engaging in rival business, and inducing the old customers of the seller and the public to deal with him, is the main source and cause of injury. The value and enjoyment of the good-will are depreciated and interrupted by reason of the proximate damage to the business of the purchaser caused thereby. The plaintiff received the fixtures, and exercised the right to lease and occupy the house, and in so doing received the good-will, so far as it pertains to, and is an incident of the place of business—the advantage of patronage on account of its local position. Under these circumstances, a violation of the promise not to engage in the same business does not necessarily work the total destruction of the good-will, nor deprive plaintiff wholly of its enjoyment and benefits. The rule as to the measure of damages, when there is the breach of a contract for the sale of specific chattels, by a failure to deliver a part of them, is inapplicable. When the plaintiff elected his action on the contract for the recovery of the damages consequent on its breach, he took upon himself the burden of proving the extent of the injury. Merely showing a breach establishes the right of plaintiff to damages, but, in the absence of proof of the extent of the injury, he is entitled to recover only nominal damages.

The charge given at the instance of the plaintiff is equally, if not more, objectionable. On the same hypothesis, substantially, as the charge just considered, and without any proof of actual damage, it authorized the jury to render a verdict, using its own language, "for whatever amount you may think the plaintiff is damaged, not exceeding the amount claimed in plaintiff's complaint, and after deducting four hundred and fifty dollars admitted by plaintiff to have been received by him." The damages claimed in the complaint were two thousand dollars, and the amount of the deduction was the proved value of the fixtures. Under the rule settled by our decisions, in an action *ex contractu* of this character, neither remote, consequential, nor exemplary damages are recoverable. The plaintiff is entitled to just compensation for the actual injuries, which are the natural and proximate consequences of the wrong complained of; and such compensation must not be left to a capricious or speculative decision, but awarded on estab-

lished principles.—*Rose v. Bozeman*, 41 Ala. 678. No rule by which the jury should be governed having been announced, under the discretionary power committed by the charge, they could have awarded remote, consequential, speculative, or punitive damages, to any amount not exceeding fifteen hundred and fifty dollars.

The charges requested by defendant were properly refused. Reversed and remanded.