(100 South. 769)

### COLLAS v. BROWN et al. (8 Div. 654.)

(Supreme Court of Alabama. June 12, 1924.)

**1. Frauds, statute of ⬥128—Parol contract by sellers of café not to enter competitive business for term of lease sold held void.**

Parol contract by sellers of café not to enter competitive business in same city during term of two-year lease included in bill of sale *held* within statute, Code 1907, § 4289, subd. 1.

**2. Good will ⬥2—"Good will" defined.**

"Good will," as applied to café business, is lure of place for public seeking such service, arising from name, location, reputation, service, general atmosphere, including effect of crowd of pleased customers, and habit of going there.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Will.]

**3. Good will ⬥6(1)—Covenant not to compete not implied.**

Covenant by seller of business not to engage in competing business in same neighborhood is valid, binding obligation, breach of which will be enjoined, but is not implied from sale of good will.

**4. Evidence ⬥443(2)—Written contract selling good will cannot be enlarged by parol to include covenant not to compete.**

Written contract selling good will of business cannot be enlarged by parol, so as to include express covenant by seller not to engage in competing business.

Appeal from Circuit Court, Morgan County; Jas. E. Horton, Jr., Judge.

Bill for injunction by Jack Collas against N. P. Brown and another. From a decree dissolving a temporary injunction, complainant appeals. Affirmed.

Almon & Almon, of Albany, Brown & Griffith, of Cullman, and Arthur B. Chilton, of Montgomery, for appellant.

The sale of a business and its "good will" carries with it the implied covenant by the vendor to do nothing that would derogate from his grant, and precludes him from opening a rival or competing business in the same locality. C. H. Batchelder & Co. v. Bachelder, 220 Mass. 42, 107 N. E. 455; Shafer

v. Sloan, 3 Cal. App. 335, 85 Pac. 162; Gregory v. Spieker, 110 Cal. 150, 42 Pac. 576, 52 Am. St. Rep. 70; Townsend v. Hurst, 37 Miss. 679; Public Opinion Pub. Co. v. Ransom, 34 S. D. 381, 148 N. W. 838, Ann. Cas. 1917A, 1010; Dwight v. Hamilton, 113 Mass. 175; Munsey v. Butterfield, 133 Mass. 492; Boggs v. Friend, 77 W. Va. 531, 87 S. E. 873.

W. W. Callahan, of Decatur, for appellees.

The sale of a business with good will does not prevent the seller from re-entering business in the same locality, in the absence of an express agreement to that effect in the contract. Didlake v. Roden, 160 Ala. 484, 49 South. 384, 22 L. R. A. (N. S.) 907, 18 Ann. Cas. 430; 28 C. J. 739; 20 Cyc. 1279; 12 R. C. L. Good Will, § 12; Hilton v. Hilton, 89 N. J. Eq. 182, 104 Atl. 375, L. R. A. 1918F, 1174; Ranft v. Reimers, 200 Ill. 386, 65 N. E. 720, 60 L. R. A. 291; Wessell v. Havens, 91 Neb. 426, 136 N. W. 70, Ann. Cas. 1913C, 1377; Williams v. Farrand, 88 Mich. 473, 50 N. W. 446, 14 L. R. A. 161; Knoedler v. Glaenzer, 55 Fed. 895, 5 C. C. A. 305, 20 L. R. A. 733; Howard v. Taylor, 90 Ala. 241, 8 South. 36.

BOULDIN, J. The case here presented is substantially this:

On January 2, 1924, the respondents sold to complainant by bill of sale in writing:

"The American Café on Railroad street in Decatur, Alabama, and all leases, goods, wares, merchandise, good will and paraphernalia therewith connected."

The bill avers:

"That, as an inducement to said purchase, the defendants represented to the complainant that they desired to and would remove away from Decatur into some foreign territory, and would not enter into a competitive business in Decatur during the term of said lease on said café, which expired on December 31, 1925;" that the greater portion of the consideration for the purchase was "the good will of defendants in said business and their agreement not to enter into a competitive business in the same vicinity during the life of said lease contract as hereinabove set forth;" that defendants, in disregard of their agreement, have entered into a competitive café business in the same vicinity, to the great injury of complainant's business.

The prayer is for an injunction restraining the operation of the new café, and for an accounting for damages sustained by complainant.

The answer denies the equity of the bill, and sets up the written contract.

The appeal is from a decree dissolving a temporary injunction on answer and affidavits.

The following inquiries arise:

First. Can the agreement not to engage in a competitive business be treated as a col-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lateral agreement supplemental to the written contract evidenced by the bill of sale?

Second. Does the sale of the "good will" of the business carry an implied covenant not to engage in a competitive business?

Third. Is parol evidence admissible to prove the alleged agreement as an element of "good will" within the contemplation of the parties, or as a circumstance defining "good will" as used in the written contract?

[1] Treated as a collateral contract resting wholly in parol, it imports a continuing obligation for a period of two years. For this reason it was subject to the statute of frauds. This is conceded by appellant, and that phase of the case need not be further considered. Code 1907, § 4289, subd. 1.

[2] "Good will" as a property right, passing with the sale of a going concern, was considered in Howard v. Taylor, 90 Ala. 241, 8 South. 36, wherein this court quoted approvingly the definition in Story on Part. § 99, as follows:

"This good will may be properly enough described to be, the advantage or benefit which is acquired by an establishment beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it received from constant and habitual customers, on account of its local position or common celebrity, or reputation for skill, or affluence, or punctuality, or from other accidental circumstances· or necessities, or even from ancient partialities or prejudices."

This comprehensive definition has been generally adopted and approved by courts and text-writers. 28 C. J. 729, and notes; 12 R. C. L. Good Will, § 2.

In Howard v. Taylor, supra, our court proceeded to say:

"It has been held in many cases, that a sale or lease of the premises with the stock of merchandise, accompanied by the good will, does not, of itself, imply a promise not to engage in business of the same kind in the locality, nor preclude the seller from soliciting the custom of the public by the usual modes of advertisement, or solicitation."

The question is there left undecided.

In Didlake v. Roden Grocery Co., 160 Ala. 484, 49 South. 384, 22 L. R. A. (N. S.) 907, 18 Ann. Cas. 430, it is said:

"It is not to be understood that by the good will going with the sale the seller would be precluded from re-engaging in the same business in the same locality. That result does not follow without a special agreement to that effect."

The question was not, perhaps, directly involved in the case, but the whole question of good will as applied in partnerships had been exhaustively studied and treated

We take our cases as a recognition and approval of the prevailing rule, and strongly persuasive here. Hilton v. Hilton, 89 N. J.

Eq. 182, 104 Atl. 375, L. R. A. 1918F, 1174 et seq.; Wessell v. Havens, 91 Neb. 426, 136 N. W. 70, Ann. Cas. 1913C, 1377; Ranft v. Reimers, 200 Ill. 386, 65 N. E. 720, 60 L. R. A. 291; 12 R. C. L. Good Will, §§ 12, 13; 28 C. J. 939; 20 Cyc. 1279.

The authorities, in the main, considering a covenant not to compete, as a thing apart from "good will," have disallowed parol evidence to vary or enlarge the meaning of that term when used to describe the thing sold as an incident to a going business. See authorities, supra; Whitehead v. Lane, 72 Ala. 39; Jones v. Trawick's Adm'r, 31 Ala. 253; Main v. Radney (Ala.) 39 South. 981; Hall's Appeal, 60 Pa. 458, 100 Am. Dec. 584; 22 C. J. 1097-1120.

[3] Studying the question on principle as applied to a café business, it may be said the good will sold was the lure of the place for the public seeking that service. Entering into its making was the name, the location, the reputation as to quality, quantity, and prices of food, the service, including promptness, cleanliness, politeness, and furnishings, the general atmosphere, including the effect of the crowd of pleased customers, and the sheer habit of going to that place. It is unquestioned that good will may constitute a leading element of value in a going business. In creating such good will, the personal presence, reputation, management, and manner of the seller may have greatly contributed.

Now, on a sale, in the nature of things, this personal element is withdrawn. The purchaser takes the results of past endeavors in building a business, which he is entitled to take as it is, but unaided by the continuing services of the seller. The personal experience, skill, and reputation of the seller remain his, and cannot pass as a part of the good will of a business.

It cannot be gainsaid that this reputation, etc., employed in a competing business in the same neighborhood, is likely to have an injurious effect on the business of the purchaser. So it is fully recognized that a covenant not to do so is a valid and binding obligation, and its breach will be promptly enjoined. But it is a covenant not to use his own. It is not a property right passing to the purchaser as an incident to the business sold. It is a thing apart from the good will itself—a guaranteed course of conduct for the protection of the good will. If desired, a consideration therefor naturally enters into the deal.

[4] We approve the rule of law that such an implied covenant does not go with a sale of the good will, and that a written contract selling the good will only cannot be enlarged by parol so as to include an express covenant not to engage in a competing business.

Practical considerations aid us in reaching this view. Such a covenant, in the nature

of it, calls for definite terms, as to time and place. Here, it is sought to show the covenant applied to the city of Decatur for a period of two years. The general term "good will" would give no intimation of these details.

The promises relied upon must, under the rules of law, be regarded as waived on entering into a written contract omitting them; or must be held a separate, collateral, parol agreement, avoided by the statute of frauds.

We find no error in the decree dissolving the temporary injunction.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.