In 1983, David W. Friddle and George A. Raymond entered into a partnership for the purpose of practicing veterinary medicine under the name of Alford Avenue Veterinary Hospital, located in Birmingham, Alabama. On May 19, 1988, Friddle and Raymond entered into an agreement for the sale of Raymond's 50 per cent share in the partnership to Friddle. Friddle agreed to pay Raymond $70,481 under specified terms of payment extending over a three-year period, and the agreement was to take effect, retroactively, as of May 1, 1987. The agreement contained a covenant by which Raymond agreed not to compete with Friddle in the veterinary hospital business within six miles of Alford Avenue Veterinary Hospital for a period of three years. The agreement further provided that the future payments due to Raymond would be forfeited as liquidated damages should Raymond violate that covenant.
Friddle made several payments as required by the agreement, but when he learned that Raymond had practiced within the prohibited area after the execution of the agreement, Friddle ceased making payments and filed a suit seeking a judgment declaring the respective rights, responsibilities, and duties of the parties under the agreement. Raymond filed an answer, claiming that the covenant not to compete was void and unenforceable, and he counterclaimed for the past-due amounts pursuant to the agreement. Raymond then made a motion for summary judgment, and the trial court entered a summary judgment for Raymond on his counterclaim and resolved the declaratory judgment claim by ruling that veterinarians are professionals. Friddle then moved to vacate the summary judgment and attempted to amend his complaint to include a count alleging promissory fraud. Raymond then filed a motion to strike Friddle's amended complaint. On March 3, 1990, the trial court issued an order granting Raymond's motion to strike and denying Friddle's motion to vacate the summary judgment. Friddle appeals.
 I.
Although Friddle states in his brief that he is appealing from the trial court's order of March 3, 1990, he is actually appealing from the trial court's summary judgment in favor of Raymond. See Curtis v. Bill Byrd Automotive, Inc., [Ms. 89-1581, December 21, 1990] (Ala. 1990). Therefore, our review of this case is governed by a familiar standard found in A.R.Civ.P. Rule 56. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Once the moving party has established a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990); Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794 (Ala. 1989). The trial court is required to view all the evidence offered by the moving party (Raymond) in support of its motion in the light most favorable to the nonmovant (Friddle). Hanners and Bass.
With this standard in mind, we now address Friddle's contentions.
Friddle first contends that veterinarians are not "professionals" and are, therefore, not prohibited by § 8-1-1
from entering into restrictive covenants not to compete. Thus, the initial issue before us is whether the status of a "profession" is extended to the practice of veterinary medicine. It is undisputed that both parties to the contract are licensed veterinarians.
In Odess v. Taylor, 282 Ala. 389, 211 So.2d 805 (Ala. 1980), this Court stated several relevant factors to be considered in resolving the issue as to what constitutes a profession: professional training, skill, and experience required to perform certain services; delicate nature of the services offered; and the ability and need to make instantaneous decisions. In addition, the Court quoted the following excerpt from the late Dean Roscoe Pound's work, The *Page 1040 Lawyer From Antiquity To Modern Times:
 " 'There is much more in a profession than a traditionally dignified calling.
 " 'The term refers to a group of men pursuing a learned art as a common calling in the spirit of a public service — no less a public service because it may incidentally be a means of livelihood. Pursuit of the learned art is the purpose. Gaining a livelihood is incidental, whereas, in a business or trade it is the entire purpose. * * *' "
Odess v. Taylor, 282 Ala. at 396, 211 So.2d at 812. In Odess, the Court held that physicians are professionals. This Court has also held that certified public accountants are professionals. Thompson v. Wiik, Reimer Sweet, 391 So.2d 1016
(Ala. 1980); Gant v. Warr, 286 Ala. 387, 240 So.2d 353 (1970).
Ala. Code 1975, §§ 34-29-60 through -94, governs the practice of veterinary medicine and provides specific qualifications required of licensed veterinarians, referred to as "professional qualifications." Considering the knowledge, skill, and education required of licensed veterinarians, as well as their duty to promote the public health, safety, and welfare of the State of Alabama, we consider it apparent that the legislature intended that persons licensed to participate in the practice of veterinary medicine be considered professionals. Section 34-29-62. It is likewise our view that persons who practice the science of veterinary medicine are members of a profession. Thus, we affirm the trial court's conclusion that veterinarians are professionals.
 II.
Having classified the practice of veterinary medicine as a profession and its members as professionals, we now address the merits of Friddle's claim regarding the enforceability of the restrictive covenant not to compete.
Section 8-1-1 provides the general rule that "[e]very contract by which anyone restricted from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void." Although the remaining subsections of § 8-1-1 provide for exceptions to the general rule, including an exception for the sale of the good will of a business, this Court has stated on numerous occasions that a "professional" cannot fall within these statutory exceptions. Wyatt Safety Supply, Inc. v. Industrial SafetyProducts, Inc., 566 So.2d 728, 730 (Ala. 1990); Thompson v.Wiik, Reimer Sweet, supra; Gant v. Warr, supra; Odess v.Taylor, supra. This point is further supported by the Court's observation that § 8-1-1 expresses the public policy of Alabama that contracts that place a restraint on trade are disfavored " 'because they tend not only to deprive the public of efficient service but also tend to impoverish the individual.' " WyattSafety Supply, Inc., 566 So.2d at 732 (quoting James S. Kemper Co. Southeast, Inc. v. Cox Associates, Inc.,434 So.2d 1380, 1384 (Ala. 1983), citing Robinson v. ComputerServi-centers, Inc., 346 So.2d 940, 943 (Ala. 1977)).
Because veterinarians are professionals, they are not excluded from the general rule prohibiting covenants not to compete. Accordingly, the trial court properly ruled that the covenant not to compete is unenforceable.
 III.
Friddle's final contention is that the trial court erred in granting Raymond's motion to strike Friddle's amendment alleging promissory fraud. Friddle based his promissory fraud claim on the theory that at the time they entered into the agreement Raymond had no intention of abiding by its terms. He says he was intentionally deceived by Raymond.
Friddle attempted to amend his complaint after the trial court had entered a final judgment. His attempt was simply too late. See Government Street Lumber Co. v. AmSouth Bank,553 So.2d 68 (Ala. 1989), and cases cited therein. Under these facts, we find no abuse of discretion by the trial court in striking the amendment. Because we find no abuse of discretion by the trial court, we do not find it necessary to *Page 1041 
discuss the merits of the promissory fraud claim.
After careful review of the record, we conclude that the court properly entered the summary judgment in favor of Raymond and properly struck Friddle's amendment. Thus, the judgment is hereby affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.