THOMAS, Judge.
Michael Keith Pinzone appeals from the judgment of the Baldwin Circuit Court enjoining him from operating pizza restaurants using the Papa’s Pizza name and logo within the corporate limits of Fair-hope and declaring that Papa’s Wings, Inc., owns the exclusive rights to use that name and logo within the corporate limits of Fairhope.

Facts and Procedural History

In 1993, Pinzone opened a pizza restaurant in Fairhope (“the Fairhope business”) under the name Papa’s Pizza. Pinzone also entered into franchise agreements with other individuals to operate Pappa’s Pizza restaurants in other cities. In 1997, Pinzone, in his individual capacity, registered with the state a logo that he used in association with his business as a service mark; in 2002, Pinzone registered the name Papa’s Pizza. Pinzone divorced Donna Brill in 1997, and, as part of the settlement agreement entered into between Pinzone and Brill and incorporated into the judgment divorcing Pinzone and Brill, Pinzone agreed to transfer his interest in the Fairhope business to Brill in lieu of paying child support. The settlement agreement stated, in part, that
“the business heretofore owned by [Pin-zone] known as Papa’s Pizza-Fairhope, Inc., located at 300 Village Square, Fair-hope, Alabama 36532, is awarded to [Brill]. Within thirty (30) days from the date of the decree of divorce, [Pinzone] shall take all necessary and proper measures to divest himself of any interest whatsoever in the above mentioned corporation and to vest [Brill] as the sole owner of said business. If, at any time within twelve (12) months immediately following the date of the decree of divorce, [Brill] decides to sell the business, she shall give [Pinzone] the first right of refusal.”
Brill operated the Fairhope business for over one year, and then, in 1998, she sold it to Dennis Nicholson, one of the owners of Papa’s Wings, Inc. The contract between Brill and Nicholson stated that Brill had sold to Nicholson “Papa’s Pizza located at 300 Village Sq. Fairhope Al. with the right to use the name Papa’s Pizza and logo in Fairhope only. This restaurant name and logo and all its interest were given to [Brill] in lieu of child support at [the time of Brill’s divorce from Pinzone].” The contract further stated that Brill was not “selling any other rights to [the] name and logo given to [Brill] by her divorce.” Nicholson subsequently transferred ownership of the Fairhope business to Papa’s Wings, Inc., a corporation owned by Nicholson and other members of his family. At the time Nicholson purchased the Fair-hope business from Brill, he was operating, as part owner of other corporations, two other Pappa’s Pizza locations — both operating under franchise agreements entered into between those corporations and Pinzone. The corporations that owned the non-Fairhope Papa’s Pizza locations paid Pinzone royalties under the franchise agreement for the right to use the Papa’s Pizza name and logo in association with the two non-Fairhope locations; Papa’s Wings, Inc., did not pay any royalties in connection with operation of the Fairhope business.
Papa’s Wings, Inc., operated the Fair-hope business until 2006, when it closed its location at 300 Village Square with the intention of relocating the Fairhope business to another location in Fairhope. When Papa’s Wings, Inc., closed the Fair-hope business at 300 Village Square, Pin-zone directed an attorney representing his interests to send Papa’s Wings, Inc., a letter stating that if Papa’s Wings, Inc., opened a Papa’s Pizza in any location in Fairhope other than at 300 Village Square *623 it would have to enter into a franchise agreement and pay royalties to Pinzone in exchange for the right to operate at that location.
In 2008, Pinzone decided to open a Papa’s Pizza restaurant in Fairhope. After Nicholson learned of Pinzone’s intentions to open a Papa’s Pizza restaurant in Fairhope, Papa’s Wings, Inc., filed a complaint in the trial court requesting that it enjoin Pinzone from operating a restaurant using the Papa’s Pizza name and logo in Fairhope and seeking a judgment declaring that Papa’s Wings, Inc., had the exclusive right to use the Papa’s Pizza name and logo in Fairhope.[1]
After holding a hearing at which it heard ore tenus evidence, the trial court entered a judgment on October 6, 2009, declaring that Papa’s Wings, Inc., had the exclusive right to use the Papa’s Pizza name and logo in Fairhope and enjoining Pinzone from using the Papa’s Pizza name and logo in connection with the operation of a restaurant in Fairhope. Pinzone filed a postjudgment motion, pursuant to Rule 59(e), Ala. R. Civ. P. The trial court denied Pinzone’s postjudgment motion, and Pin-zone appealed to the Alabama Supreme Court. Our supreme court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Standard of Review

The trial court entered its declaratory judgment after hearing ore tenus evidence.
“ ‘ “ ‘[WJhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 448 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 483 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
The trial court also permanently enjoined Pinzone from using the Papa’s Pizza name and logo in Fairhope.
“ ‘To be entitled to a permanent injunction, a plaintiff must demonstrate success on the merits, a substantial threat of irreparable injury if the injunction is not granted, that the threatened injury to the plaintiff outweighs the harm the injunction may cause the defendant, and that granting the injunction will not disserve the public interest.’
“TFT, Inc. v. Warning Sys., Inc., 751 So.2d 1238, 1242 (Ala.1999), overruled on another point of law, Holiday Isle, LLC v. Adkins, 12 So.3d 1173 (Ala.2008). The entry of a permanent injunction is *624 reviewed de novo, TFT, Inc., 751 So.2d at 1242; however, this Court has recognized that a ‘a trial court’s consideration of ore tenus testimony has a bearing upon the standard of review we apply to the entry of a permanent injunction.’ Classroomdirect.com, LLC v. Draphix, LLC, 992 So.2d 692, 701 (Ala.2008). See also Kappa Sigma Fraternity v. Price-Williams, 40 So.3d 683 (Ala.2009) (according a presumption of correctness to portions of the trial court’s decision based on representations of counsel regarding a settlement agreement where a permanent injunction was issued).”
Sycamore Mgmt. Group, LLC v. Coosa Cable Co., 42 So.3d 90, 93 (Ala.2010).

Analysis

Pinzone argues that the trial court erred when it determined that Papa’s Wings, Inc., had the exclusive right to use the Papa’s Pizza name and logo in Fair-hope because, Pinzone says, neither the settlement agreement he entered into with Brill nor the contract between Brill and Nicholson contained an express covenant not to compete and because, Pinzone argues, he did not transfer the exclusive use of the Papa’s Pizza name and logo to Brill in the settlement agreement. We must first determine whether Pinzone entered into a covenant not to compete with the Fairhope business.
Covenants not to compete are disfavored in Alabama. See Friddle v. Raymond, 575 So.2d 1038, 1040 (Ala.1991). Alabama Code 1975, § 8-1-1, provides, in pertinent part:
“(a) Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind otherwise than is provided by this section is to that extent void.
“(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.”
In Collas v. Brown, 211 Ala. 443, 100 So. 769 (1924), a case involving the sale of a restaurant, the Alabama Supreme Court held that a covenant not to compete cannot be implied in a contract for the sale of a business, even when the contract includes the sale of the business’s good will. Collas, 211 Ala. at 444, 100 So. at 771. Our supreme court also held that a contract “cannot be enlarged by parol [evidence] so as to include an express covenant not to engage in a competing business.” Id. In Joseph v. Hopkins, 276 Ala. 18, 158 So.2d 660 (1963), the Alabama Supreme Court, in a case construing Ala.Code 1940 (Re-comp.1958), Title 9, §§ 22 and 23, the predecessor statutes to § 8-1-1, held that
“even a specific covenant not to compete in a profession, trade, or business is void except within the limitations imposed by [the former statutes]. Yost v. Patrick, 245 Ala. 275, 17 So.2d 240 [(1944)]. Clearly the mandates of these statutes prevent the inference of an implied covenant not to compete merely from the sale of a business or profession and the good will thereof.”
Joseph, 276 Ala. at 24, 158 So.2d at 665.
We also note that Pinzone was not a party to the contract concerning Brill’s sale of the Fairhope business to Nicholson. “ ‘ “A person who has not executed or signed the contract or covenant is not bound by the stipulation against engaging *625 in business, and he may not be enjoined from competing with the covenantee.’”” Russell v. Mullis, 479 So.2d 727, 729 (Ala.1985) (quoting Yost v. Patrick, 245 Ala. 275, 280, 17 So.2d 240, 244 (1944), quoting in turn 36 Am.Jur. 548). Thus, because the existence of a covenant not to compete cannot be implied, cannot be proven by parol evidence, and cannot be used to bind a person who was not a party to the contract, Pinzone cannot be prohibited from competing with the Fairhope business unless the settlement agreement between Pinzone and Brill contained an express covenant for Pinzone not to compete with the Fairhope business.
The settlement agreement does not contain any provision that can be construed as a covenant not to compete. The settlement agreement provides for only the transfer of the Fairhope business to Brill. Pinzone’s transfer of his interest in the Fairhope business to Brill cannot imply the existence of a covenant barring Pin-zone from competing with the Fairhope business. Joseph, 276 Ala. at 24,158 So.2d at 665. Therefore, Pinzone is not barred from generally competing with the Fair-hope business.
We now turn to the question whether the trial court could have found that Pinzone granted Brill the exclusive use of the Papa’s Pizza name and logo in Fairhope, thus prohibiting Pinzone from competing with Papa’s Wings, Inc., in Fairhope using that particular name and logo. The settlement agreement between Pinzone and Brill stated that Pinzone would “divest himself of any interest whatsoever in [Papa’s Pizza-Fairhope, Inc.,]-” The settlement agreement does not contain any language granting Brill exclusive use of the Papa’s Pizza name and logo in Fairhope, and there was no evidence of the existence of any other contracts or agreements between Brill and Pinzone concerning the Fairhope business. Brill testified that she received “the business on 300 Fairhope Avenue” in the divorce. Brill also answered “yes” when asked whether she received “the right to use the name Papa’s Pizza and logo in Fairhope only.” This testimony supports a determination that Brill had the right to use the Papa’s Pizza name and logo anywhere in Fairhope. However, Brill did not testify that she had received in the settlement agreement the exclusive right to use the Papa’s Pizza name and logo in Fair-hope.
Additionally, the contract Brill entered into with Nicholson for the sale of the Fairhope business states that Brill sold to Nicholson “the right to use the [Papa’s Pizza] name and logo in Fairhope ... only.” As with Brill’s testimony, the language in the sales contract could be interpreted to mean that Papa’s Wings, Inc., has the right to use the Papa’s Pizza name and logo anywhere in Fairhope; however, as with the settlement agreement, the contract does not state that Papa’s Wings, Inc., has the exclusive right to use the Papa’s Pizza name and logo in Fairhope. Thus, we find no evidence from which the trial court could have concluded that Papa’s Wings, Inc., has the exclusive right to use the Papa’s Pizza name and logo in Fairhope. Because Papa’s Wings, Inc., does not have the exclusive right to use the Papa’s Pizza name and logo in Fair-hope, Pinzone cannot be barred from opening a restaurant in Fairhope using the Papa’s Pizza name and logo.

Conclusion

Because the settlement agreement between Pinzone and Brill did not contain a covenant barring Pinzone from competing with the Fairhope business and because there is insufficient evidence that Papa’s Wings, Inc., has the exclusive right to use the Papa’s Pizza name and logo in Fair- *626 hope, we reverse the judgment of the trial court and remand the cause to that court for it to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Papa’s Wings, Inc., also named several fictitiously named defendants in its complaint, but it never subsequently substituted any actual parties for those fictitiously named defendants. Because "[t]he beginning of trial operates as a dismissal of fictitiously named parties,” Ex parte Dyess, 709 So.2d 447, 452 (Ala.1997)(citing Rule 4(f), Ala. R. Civ. P.), the existence of the fictitiously named parties does not affect the finality of the judgment entered by the trial court.